ARTHUR DARE

v.

MABEL DARE.

1. In a suit to annul a marriage on the ground that, at the time of its cele-
bration, defendant had a wife living, an admission of such previous marriage
in the answer is sufficient to establish it when corroborated by the production
of evidence of a certified copy of the record· thereof in the bureau of vital
statistics and of the record of a suit commenced by defendant against the per-
son alleged to have been the other party to the previous marriage, to annul it.

2. Where a first marriage is void, owing to the fact that one of the parties
had a spouse living at the time of its celebration, the validity of a second mar-
riage is not impaired thereby, though there has been no decree annulling it.

On bill, answer, replication and proofs in open court.

*Mr. Wheaton Berault*, for the complainant.

*Mr. Charles K. Landis, Jr.*, for the defendant.

GREEN, V. C.

This bill is filed by the complainant to annul a marriage
solemnized between the parties on the 6th day of June, 1889, on
the ground that at the time of the said marriage ceremony the
defendant had already been married to one Harry M. Jefferson,
in the city of Trenton, in this state, on December 8th, 1888, and
that she had never been lawfully divorced from the said hus-
band, Harry M. Jefferson.

The answer of the defendant admits her marriage with com-
plainant, and further, that on the day named in the bill a formal
ceremony of marriage was performed between herself and one
Harry M. Jefferson, but she avers that the last-mentioned mar-
riage was void from the beginning, because at the time of said
marriage the said Harry M. Jefferson had a wife then living.

The admission in the answer of the previous marriage, stand-

ing alone, would not be sufficient to establish that fact. The
court would refuse to proceed upon it, on the ground that the
same might be the result of collusion. *Montgomery* v. *Mont-
gomery, 3 Barb. Ch. 132.* It is, however, corroborated by the
production of a certified copy of the record in the bureau of
vital statistics, and further by the production in evidence of
the record of a suit commenced in this court by the defendant
against the said Harry M. Jefferson, *alias* Jones, for the pur-
pose of annulling that marriage. There is really no serious con-
tention but that the alleged marriage between the defendant and
Jefferson or Jones did take place in Trenton, December 8th,
1888, and the real controversy in the cause has been whether
that marriage was valid.

It appears by the testimony of Nettie Ames, one of the wit-
nesses to the marriage, and a sister of the bride, that a marriage
ceremony was performed between Harry M. Jones and one
Jennie C. A. Ames, in the city of New York, on the 10th day
of February, 1886, by the Rev. Dr. Baker, a minister of the
gospel, at the time connected with the Madison avenue church
in that city. This is fortified by the production of a certified
copy of the record of such marriage, on file in the bureau of
statistics of the city of New York, and further by the testimony
of Harry M. Jones and his wife, taken in New York on com-
mission.

The identity of the said Harry M. Jones as Harry M. Jeffer-
son, under which name the marriage ceremony was performed be-
tween himself and the defendant, is established beyond question.

Counsel of complainant insists that even if it is admitted that
Jefferson or Jones had a wife living at the time the marriage
ceremony was performed in Trenton between said Jefferson or
Jones and defendant, that it cannot be considered as invalid
until so decreed in an action brought for that purpose.

By the second section of the Divorce act (*Rev. p. 315*), it is
provided that—

" Divorces from the bond of matrimony shall be decreed where either of the
parties had another wife or husband living at the time of such second or
other marriage; and that all marriages, where either of the parties shall have

Scarlett & Scarlett *v.* Ward.

a former husband or wife living at the time of such marriage, shall be invalid from the beginning and absolutely void, and the issue thereof shall be deemed to be illegitimate and subject to all the legal disabilities of such issue."

The declaration of the statute renders such a marriage invalid from the beginning, and absolutely void ; not that it shall be void from the time of the decree, but from the time when the ceremony was performed. The decree may be a protection to a party who otherwise might, from loss of evidence or some other reason, be deprived of the means of establishing the facts necessary to show the invalidity of the marriage, and may be advisable for other reasons, but the statute is explicit in its declaration that it is void, and the decree renders it no more invalid than such declaration of the statute.

" If a first marriage is void because either of polygamy or any other like impediment, a second is not impaired by it, though there has been no sentence of nullity." *1 Bish. M., D. & S.* § *719; Paterson* v. *Gaines, 6 How. 550, 592 ; Gaines* v. *Relf, 12 How. 472, 593 ; Regina* v. *Chadwick, 11 Q. B. 173.*

The complainant is not entitled to the relief prayed for, and the bill must be dismissed, with costs.