·WILLIAM G. LOWERY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 21, 1898.*

1. BIGAMY—*in prosecutions for bigamy both marriages must be proved.* Where the relation of husband and wife has been assumed the law generally presumes a lawful marriage; but where two successive marriages are charged in a prosecution for bigamy, the presumption in favor of the legality of each is equal, and an actual first marriage must be proved.

2. SAME—*proof of marriage need not be by the register or certificate.* In prosecutions for bigamy it is not necessary to prove either of the alleged marriages by the register or certificate or other record evidence, but the same may be proved by such evidence as is admissible to prove a marriage in other cases.

3. SAME—*mere proof of cohabitation and reputation does not establish marriage.* In prosecutions for bigamy mere proof of cohabitation and reputation as husband and wife is not sufficient to establish an alleged former marriage, in the absence of any admission by the defendant of the fact of such marriage.

4. SAME—*alleged second wife cannot testify if first marriage is denied.* An alleged second wife, whose marriage with the defendant charged with bigamy is not controverted, is not competent to testify as to admissions by the defendant concerning the existence of the first marriage, where that is the only controverted question of fact.

5. SAME—*extent to which alleged second wife is competent as a witness.* In a prosecution for bigamy, if the first marriage is clearly proved and not controverted, the alleged second wife is competent to testify as to the second marriage but not the first, and she is not competent at all if the fact of the first marriage is controverted.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

HILLIS & McCOY, and DOUGALD MUIR, for plaintiff in error:

In prosecutions for bigamy both marriages must be proved as alleged.    3 Greenleaf on Evidence, sec. 204; *Hiler* v. *People,* 156 Ill. 511; *People* v. *Lambert,* 5 Mich. 349.

In prosecutions for bigamy a marriage in fact must be proven.    *Hiler* v. *People,* 156 Ill. 511; *Case* v. *Case,* 17 Cal. 598; *People* v. *Lambert,* 5 Mich. 349; *People* v. *Humphrey,* 7 Johns. 314; *Gahagan* v. *People,* 1 Park. Cr. 378; *Harman* v. *Harman,* 16 Ill. 88; *Miner* v. *People,* 58 id. 60; *Miller* v. *White,* 80 id. 585; *Keppler* v. *Elser,* 23 Ill. App. 643; *Cartwright* v. *McGown,* 121 Ill. 406; 2 Wharton on Crim. Law, sec. 1696; 3 Greenleaf on Evidence, sec. 204; · *State* v. *Roswell,* 6 Conn. 488; *Commonwealth* v. *Littlejohn,* 15 Mass. 162.

The first marriage alleged cannot be proved by the confessions or admissions of the defendant, though supported by proof of cohabitation and reputation.    *Hiler* v. *People,* 156 Ill. 519; *People* v. *Lambert,* 5 Mich. 349; *Gahagan* v. *People,* 1 Park. Cr. 378; Stephens' Digest, p. 111, art. 53; 3 Greenleaf on Evidence, sec. 204, note 4; 2 id. sec. 461; *Case* v. *Case,* 17 Cal. 598; *Hayes* v. *People,* 25 N. Y. 390; *Commonwealth* v. *Littlejohn,* 15 Mass. 163; *Hutchins* v. *Kimmel,* 31 Mich. 126; *State* v. *Roswell,* 6 Conn. 446; *Keppler* v. *Elser,* 23 Ill. App. 643; *Dann* v. *Kingdom,* 1 T. & C. 492; 3 Starkie on Evidence, 893; 2 id. 781; 1 Russell on Crimes, 186, note, 217, 218; *Morris* v. *Miller,* 2 Burr. 2056; *Regina* v. *Flaherty,* 2 C. & K. 781.

In prosecutions for bigamy the alleged second wife should not be admitted to testify if the alleged first marriage is controverted or is not clearly proved.    Greenleaf

on Evidence, sec. 339; 1 id. sec. 206, and cases cited; *Miles* v. *United States,* 103 U. S. 313; 1 Russell on Crimes, 218.

The testimony of the second wife to prove the only controverted issue in the case, namely, the first marriage, cannot be given to the jury on the pretext that its purpose is to establish her competency. *Miles* v. *United States,* 103 U. S. 313.

E. C. AKIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and HARRY OLSON, · Assistant, for the People:

A prior marriage may be proved by the admissions of the accused without the production of the record or a witness present at the marriage. The rule has more frequently, however, been stated as being to the effect that declarations or admissions of the accused as to the prior marriage and proof of cohabitation are sufficient evidence thereof. *Oneale* v. *Commonwealth,* 17 Gratt. 583; *State* v. *Johnson,* 12 Minn. 476; *State* v. *Armington,* 25 id. 29; *Commonwealth* v. *Hayden,* 163 Mass. 453; *Squire* v. *State,* 46 Ind. 459; *Crane* v. *State,* 94 Tenn. 86; *Parker* v. *State,* 77 Ala. 47; *State* v. *Wylde,* 110 N. C. 500; *Regina* v. *Flaherty,* 2 C. & K. 782; *United States* v. *Miles,* 2 Utah, 19; 103 U. S. 304; *Rex* v. *Truman,* 1 East's P. C. 470; *Williams* v. *State,* 54 Ala. 131; *State* v. *Plym,* 43 Minn. 385; *Wolverton* v. *State,* 16 Ohio, 173; *State* v. *Hilton,* 3 Rich. 434; *State* v. *Britton,* 4 McCord, 256; *Warner* v. *Commonwealth,* 2 Va. Cas. 95; *Langtry* v. *State,* 30 Ala. 536; *State* v. *Seals,* 16 Ind. 352; *Commonwealth* v. *Murtagh,* 1 Ashm. 272; *Halbrook* v. *State,* 34 Ark. 511; *Commonwealth* v. *Jackson,* 11 Bush, 679; *State* v. *Roswell,* 6 Conn. 446; *People* v. *Humphrey,* 7 Johns. 314.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was convicted in the Criminal Court of Cook county of the crime of bigamy, upon an indictment charging that he was lawfully married on June 23,

1892, to Clara E. Squier at Milwaukee, in the State of Wisconsin, and that afterwards, on February 14, 1896, at Columbus, in the State of Ohio, he unlawfully married Annie May Quinnell.

At the trial the second marriage with Annie May Quinnell, and the fact that defendant resided with her as his wife in Cook county, Illinois, from March, 1896, to June, 1897, were conclusively proved and not controverted. The evidence as to the first marriage consisted of testimony that defendant and the alleged first wife lived together as husband and wife in Chicago previous to the second marriage, and while so living together he called her his wife, and said that they had been married in Milwaukee, Wisconsin, and showed what purported to be a marriage certificate. Defendant, claiming that evidence of that kind was insufficient to convict him, asked the court to give to the jury the following instruction:

"The jury are instructed that the defendant cannot be convicted of the crime charged where the only evidence of the first marriage charged is proof of cohabitation of the defendant and the alleged first wife as man and wife, and that they had stated that such marriage had taken place."

Where the relation of husband and wife has been assumed the law generally presumes in favor of a lawful marriage; but where it is charged that two successive marriages have taken place the presumption in favor of the legality of each is equal, and an actual marriage must be proved. In this case, the presumption that would ordinarily obtain in favor of the first marriage is met by an equal presumption in favor of the legality of the second marriage, and therefore it was incumbent on the prosecution to show the first marriage to be a marriage in fact. This proof of an actual marriage may be made, however, as of any other fact. Our statute provides that it shall not be necessary to prove either of the marriages by the register or certificate or other record evidence, but the

same may be proved by such evidence as is admissible to prove a marriage in other cases. (Rev. Stat. sec. 29, chap. 38.) In *Jackson* v. *People*, 2 Scam. 231, it was said that the object of this statute was to let in an inferior grade of evidence, and that it was discretionary with the State's attorney as to the kind of evidence he would use. It has been held in some cases that admissions of the defendant of a marriage in fact, though supported by proof of cohabitation and reputation as husband and wife, are not sufficient to prove the fact of marriage, but the great weight of authority is adverse to that position. We can see no reason why an admission or declaration of the defendant of the fact of his marriage should not rest on the same footing as an admission of other facts essential to establish his guilt. There can be no reason for discriminating in such a case, and exempting one fact from the rules of evidence applicable to others. The statement of the defendant may be as conclusive and satisfactory as any other proof of his marriage, and as to that question the jury is to determine. The fact need not be proved by direct evidence, but may be established, like any other fact, by admissions of the defendant. (*Miles* v. *United States*, 103 U. S. 304; *Regina* v. *Simmonsto*, 1 Car. & Kir. 164; *Wolverton* v. *State*, 16 Ohio, 173; *Oneale* v. *Commonwealth*, 17 Gratt. 583; *Williams* v. *State*, 54 Ala. 131; *Halbrook* v. *State*, 34 Ark. 511; *Commonwealth* v. *Jackson*, 11 Bush, 679; *Squire* v. *State*, 46 Ind. 459; *Dale* v. *State*, 88 Ga. 552; *Commonwealth* v. *Hayden*, 163 Mass. 453.) In *Tucker* v. *People*, 117 Ill. 88, the admission of the defendant was deemed competent evidence so far as it went, but it was not sufficient to prove the charge in the indictment, and in *Hiler* v. *People*, 156 Ill. 511, the evidence was simply of cohabitation and reputation as man and wife, without any admission of a marriage in fact, and it was held that such a marriage had not been proved. It is always held in prosecutions for bigamy, that the marriage cannot be proved by cohabitation and reputation merely, for the reason

already given, but it may be proved by the kind of evidence in question here if sufficient to establish the fact, and it was not error to refuse the instruction.

The second wife, Annie May Quinnell, whose marriage with defendant was proved and not controverted, was allowed to testify against the objection of defendant, and gave evidence tending to establish the fact of the first marriage with Clara E. Squier. She testified that defendant told her, after they were married, that he and the alleged first wife went to some town a short distance from Chicago and went through some marriage ceremony. Greenleaf lays down the rule that if the first marriage is clearly proved and not controverted, then the person with whom the second marriage was had may be admitted as a witness to prove the second marriage, as well as other facts not tending to defeat the first or to legalize the second, but that she ought not to be admitted at all if the first marriage is still a point in controversy. (3 Greenleaf on Evidence, sec. 206.) In *Miles* v. *United States, supra,* it is said that it is only in cases where the first marriage is not controverted, or has been duly established by other evidence, that the second wife is allowed to testify; that she is never competent to prove the first marriage, for she cannot be admitted to prove a fact to the jury which must be established before she can testify at all, and that in cases where she can testify she may be a witness to the second marriage, but not to the first. The same rule is laid down in 4 Am. & Eng. Ency. of Law, (2d ed.) 47. In this case the only controverted question is the fact of the first marriage, and the court clearly erred in allowing Annie May Quinnell to testify as a witness. For this error the judgment must be reversed.

The judgment is accordingly reversed and the cause remanded.                    *Reversed and remanded.*