THE STATE, Appellant, v. WALTER L. WILSON.

Division Two, December 22, 1925.

**INFORMATION:** **Bigamy: Insufficiency.** The information charged
that in 1908 defendant was lawfully married to Essie Ward; that
in February, 1920, the said Essie instituted a suit to obtain a
divorce from defendant; that while said suit was pending defendant
was married to Blanche Payne, in May, 1921, and thereafter lived
with her until January, 1922, and a child was born of his marriage
with said Blanche Payne; that the said Essie procured a decree of
divorce in April, 1922, annulling the marriage between her and de-
fendant; that thereafter and in June, 1924, defendant unlawfully
and feloniously intermarried with Virginia Landrum; that at the
time of his said marriage with said Virginia the said Blanche
Payne was still living, and that at the time of his marriage with
said Virginia his marriage with the said Blanche Payne had not
been declared void. *Held*, first, that, under the statute (Secs. 3506,
3507, R. S. 1919), when the marital relation between defendant and
Essie Ward was declared void in 1922, the defendant was at liberty
to marry Virginia Landrum in 1924, unless Blanche Payne was at
the time his lawful wife, and the duty devolved on the State to
show affirmatively that Blanche Payne was his lawful wife at the
time he married Virginia Landrum; *second*, that defendant's mar-
riage to Blanche Payne, at a time when he had a lawful wife living,
was absolutely void, and presented no legal obstacle to his marriage
to the said Virginia in 1924; *third*, the information does not state
facts constituting the crime of bigamy with Virginia Landrum;

State v. Wilson.

and, *fourth*, that, if a timely prosecution had been commenced the defendant might have been convicted of bigamy for marrying Blanche Payne.

Bigamy, 7 C. J., Section 3, p. 1158, n. 18; p. 1159, n. 19; Section 9, p. 1160, n. 48; Section 40, p. 1170, n. 98. Marriage, 38 C. J., Section 45, p. 1294, n. 16; p. 1295, n. 18.

Appeal from Morgan Circuit Court.—*Hon. Henry J. Westhues,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *Geo. W. Crowder,* Assistant Attorney-General, for appellant; *W. C. Irwin* of counsel.

The sole matter for consideration in this case is the sufficiency of the information to charge the defendant with the crime of bigamy, and its sufficiency is to be determined by Sections 3506, 3507, Revised Statutes 1919. Marre v. Marre, 184 Mo. App. 198; Jandro v. Jandro, 246 S. W. 609.

*Ira H. Lohman* for respondents.

(1) The first essential element of the offense of bigamy is a valid marriage entered into by defendant prior to the alleged bigamous marriage. An indictment for bigamy cannot be sustained where the prior marriage was void. 7 C. J. 1158, sec. 3; Johnson v. State, 60 Ark. 308; People v. Shaw, 259 Ill. 545, L. R. A. 1915E. 87; State v. Cooper, 103 Mo. 266; 3 Wharton's Criminal Law (11 Ed.) p. 2194, sec. 2017; Sec. 7300, R. S. 1919; Jordan v. Tel. Co., 136 Mo. App. 197; Pain v. Pain, 37 Mo. App. 110. (2) A void marriage is distinguished from a voidable marriage in that it cannot be ratified by cohabitation, agreement or action of the parties, and requires no decree of annulment. Patterson v. Hames, 47 U. S. 550; Drummond v. Irish, 52 Iowa, 41; Dare v.

Dare, 52 N. J. Eq. 195; 7 C. J. 1160, sec. 9; Keneval v. State, 107 Tenn. 581; Halbrook v. State, 34 Ark. 511; Lane v. State, 82 Miss. 555; State v. Sherwood, 68 Vt. 414; State v. Goodrich, 14 W. Va. 834; People v. Corbett, 63 N. Y. Supp. 460; Riggs v. State, 55 Ala. 108; Kopke v. People, 43 Mich. 41.

RAILEY, C.—On December 9, 1924, the Prosecuting Attorney of Morgan County, Missouri, filed in the circuit court of said county, an amended information charging defendant, Walter L. Wilson, with the crime of bigamy, which said information, without caption, signature and jurat, reads as follows:

"Jno. J. Jones, Prosecuting Attorney in and for Morgan County, Missouri, upon his oath of office and upon his own information files this his first amended information, and charges:

"That on the 20th day of May, 1908, Walter L. Wilson was lawfully married to Essie Ward and that thereafter on the 14th day of February, 1920, the said Essie Ward Wilson instituted a suit in the Circuit Court of Jackson County, Missouri, for the purpose of obtaining a divorce from the said Walter L. Wilson; that thereafter and while said divorce suit was pending the said Walter L. Wilson was married to Blanche Payne at Jackson County, Missouri, on the 21st day of May, 1921, and thereafter lived and cohabited with the said Blanche Payne Wilson until on or about the—day of January, 1922; that one child was born to the marriage aforesaid with the said Blanche Payne Wilson; that thereafter the said Essie Ward Wilson on the twentieth day of April, 1922, procured a decree of divorce in the Circuit Court of Jackson County, Missouri, annulling the marriage between the said Essie Ward Wilson and the said Walter L. Wilson; that thereafter and on the 9th day of June, 1924, at Morgan County, Missouri, the said Walter L. Wilson, unlawfully, wilfully and feloniously intermarried with one Virginia Landrum, and that at the time of such marriage the said Blanche Payne Wilson was

living, and that at the time of the marriage aforesaid of the said Walter L. Wilson to the said Virginia Landrum the marriage of the said Walter L. Wilson with the said Blanche Payne Wilson had not been declared void by competent authority;

"Against the peace and dignity of the State of Missouri."

It appears from the record proper that on December 11, 1924, the Circuit Court of Morgan County, on its own motion, dismissed the above cause, for the reason that the information does not state facts constituting a crime under the laws of Missouri. An appeal was granted the State from the judgment of dismissal aforesaid, to this court.

I. The defendant was prosecuted under an amended information for the crime of bigamy. The trial court held that the amended information failed to state a good cause of action, and dismissed the case. The State, in its brief, very clearly and succinctly states the issues before this court, as follows:

**Information.**

"The sole matter for consideration in this case is the sufficiency of the information to charge the defendant with the crime of bigamy. The information charges that the defendant, Walter L. Wilson, was married to Essie Ward on the 20th day of May, 1908; that thereafter the defendant married Blanche Payne on the 21st day of May, 1921, and lived with and cohabited with her until January, 1922; that one child was born to this marriage; that Essie Ward Wilson was divorced from the defendant on the 20th day of April, 1922, or about one year after his marriage to Blanche Payne; that thereafter, without procuring a divorce from Blanche Payne, he married Virginia Landrum on the 9th day of June, 1924, at Morgan County, Missouri, and after his first wife had been divorced."

Section 3506, Revised Statutes 1919, defines the crime of bigamy as follows: "Every person having a husband

or wife living who shall marry another person, whether married or single, except in the cases specified in the next section, shall upon conviction be adjudged guilty of bigamy.''

Section 3507, Revised Statutes 1919, provides that: ''The last section shall not, by reason of any former. marriage, extend to any person again marrying in either of the following cases:   .   .   .   Third, where such former marriage shall have been dissolved by competent authority, and such person is not by law prohibited from again marrying, or the time of such disability has expired; or fourth, where such former marriage shall have been declared void by competent authority.''

The third clause of Section 3507, supra, as applied to the facts of this case, simply means, that when a divorce was granted Essie Ward Wilson,. the first wife, on April 20, 1922, defendant had the legal right to marry Virginia Landrum, his last wife, on the 9th day of June, 1924, unless Blanche Payne was his legal wife at the date of said last marriage.

The fourth clause of said section above quoted means that, if the first marriage with Essie Ward Wilson had been declared void by the circuit court, then defendant was at liberty to marry Virginia Landrum on the 9th day of June, 1924, unless Blanche Payne was his lawful wife at that time. The respondent is not here relying upon any affirmative defense specified in Section 3507 supra. The duty devolves. upon the State of showing affirmatively, as a part of its case, that Blanche Payne, by virtue of said marriage was the lawful wife of defendant when the latter married Virginia Landrum.

II.   Has the State sustained the burden of showing, that Blanche Payne was the legal wife of respondent at the time the latter married Virginia Landrum on June 9, 1924? Considered in the light of both reason and authority, we are of the opinion that the marriage of defendant to Blanche Payne, when he had a lawful wife living at the time, was absolutely void and presented no

legal obstacle in the way of his marrying the last wife. [Sec. 7300, R. S. 1919; Sec. 7302, R. S. 1919, as amended, Laws 1921, p. 469; State v. Cooper, 103 Mo. l. c. 274; Keen v. Keen, 184 Mo. 358; State v. Stewart, 194 Mo. 345; Jordan v. Tel. Co., 136 Mo. App. l. c. 197-202; Pain v. Pain, 37 Mo. App. 110; 7 C. J. 1158, sec. 3; 7 C. J. 1160, sec. 9; 3 R. C. L. 799, sec. 7; 3 Wharton's Crim. Law (11 Ed.) p. 2194, sec. 2017; Halbrook v. State, 34 Ark. 511; McCombs v. State, 50 Tex. Crim. l. c. 494 and cases cited; State v. Sherwood, 68 Vt. l. c. 417; Drummond v. Irish, 52 Iowa, 41; Dare v. Dare, 52 N. J. Eq. 195; People v. Corbett, 63 N. Y. Supp. 460; Lane v. State, 82 Miss. 555; Keneval v. State, 107 Tenn. 581; People v. Shaw, 259 Ill. l. c. 546-7; Williams v. Williams, 63 Wis. 58; State v. Goodrich, 14 W. Va. 834; Kopke v. People, 43 Mich. 41; Patterson v. Gaines, 47 U. S. 550.]

Section 7300, Revised Statutes 1919, provides in express terms that: "All marriages, where either of the parties has a former, wife or husband living, shall be *void,* unless the former marriage shall have been dissolved." (Italics ours.).

As applied to the allegations of the information, the above-quoted section stamps the alleged marriage of defendant to Blanche Payne as absolutely void, and not simply voidable. The defendant's first wife having obtained a divorce, and the second marriage being void, as declared by above statute, the defendant had no lawful living wife, when he married Virginia Landrum on the 9th of June, 1924. Hence, he was not guilty of bigamy as contemplated by the provisions of Section 3506, Revised Statutes 1919.

In State v. Cooper, 103 Mo. l. c. 274, THOMAS, J., clearly states the law as applied to the allegations of the information, as follows: "The last marriage being proved, and even admitted, the sole issue of fact the jury was called upon to determine in the case, was not whether defendant had a concubine, but whether he had a wife, living at the time he married Eva Alexander.

If he did have a wife living at that time, he committed bigamy in marrying again. If Lavina C. Atkins was not his wife, as above defined, then he had a legal right to marry Eva Alexander. If she was not his wife, in a legal sense, he may have been guilty of 'open gross lewdness and lascivious behavior,' under Section 3798, Revised Statutes 1889 (State v. Osborne, 69 Mo. 143, and cases there cited); but could not be convicted of the crime of bigamy.''

The cases of Halbrook v. State, 34 Ark. 511, McCombs v. State, 50 Tex. Crim. 1. c. 949, and cases cited, are directly in point, and hold, that defendant should not be held guilty of bigamy on the facts before us. The other authorities cited with one accord sustain the conclusion heretofore announced.

If a timely prosecution had been commenced, the defendant, on the facts stated in the information, might have been convicted of bigamy for marrying and cohabiting with Blanche Payne. On the record, however, before us, the defendant is not guilty of bigamy, and had the legal right to marry Virginia Landrum.

The judgment below is accordingly affirmed. *Higbee, C.,* dissents.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur; *Walker, P. J.,* concurs in separate opinion.

WALKER, P. J. (concurring).—I concur in the conclusion reached by the learned Commissioner, but not in the reasons assigned for the same. The sole question for solution is as to the sufficiency of the information, and this must be determined from its face. The defendant's relation with Blanche Payne during the existence of his marital relation with Essie Ward was bigamous. When the latter obtained a divorce from the defendant his relation with Blanche Payne, according to the averments of the information, had ceased. In the absence from the information of any averment declaratory of

a continuance of that relation the averments of the information are not sufficient to sustain a charge of bigamy at the time of the defendant's marriage to Virginia Landrum, and hence the ruling of the trial court as to the insufficiency of the information must be sustained. With these views I feel impelled to concur only in the result reached in the majority opinion.