(No. 22551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE A. GRAVES, Plaintiff in Error.

*Opinion filed October 22, 1934.*

Oscar M. Meusel, and Ferdinand J. Karasek, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Court-ney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, J. Albert Woll, Henry E. Seyfarth, and Amos P. Scruggs, of counsel,) for the People.

Mr. Justice DeYoung delivered the opinion of the court:

George A. Graves was indicted in the criminal court of Cook county for the crime of bigamy. He waived a trial by jury, the court found him guilty and sentenced him to the penitentiary, and he prosecutes this writ of error.

The evidence upon the trial was introduced solely by the prosecution; none was offered by the defense. Michael R. Walsh testified that he was acquainted with George A. Graves, the plaintiff in error, and Lillian Helen Huck; that the witness and his wife were present at the Notre Dame Catholic Church in Chicago on November 24, 1913; that they attended the plaintiff in error and Miss Huck on that occasion and that they witnessed the ceremony, performed by a priest, which united them in marriage. William Huck, a brother of Lillian Huck Graves, testified that, after the marriage, the plaintiff in error and his sister lived together as husband and wife continuously for twenty years; that they occupied their own apartment, except for a period of about eighteen months during which they lived with the witness; that they had a son sixteen years of age; that his sister, the wife of the plaintiff in error, was still living and that she was not divorced from him.

Edward Cathalos, a minister of the First Bohemian Baptist Church, Chicago, testified that he performed a marriage ceremony on April 19, 1933, between the plaintiff in

error and a Mrs. Berkeley, whose first name he did not recall. A certified copy of the license authorizing the celebration of the marriage and of a certificate by the witness that the plaintiff in error and Tillie Berkeley were united in marriage by him at Chicago on April 19, 1933, appended to the license, was introduced in evidence. The copy lacked the seal of the county and counsel for the plaintiff in error interposed an objection to its admission.

The plaintiff in error seeks a reversal of the judgment upon two grounds. The first is that the State, in attempting to establish the charge of bigamy, failed to prove the elements necessary to constitute either the first or the second marriage. Section 28 of the first division of the Criminal Code (Cahill's Stat. 1933, p. 993; Smith's, Stat. 1933, p. 1009) defines bigamy as follows: "Whoever, having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this State, shall be deemed guilty of bigamy, and be imprisoned in the penitentiary not less than one nor more than five years, and fined not exceeding $1000: Provided, nothing herein contained shall extend to any person whose husband or wife shall have been continually absent from such person for the space of five years together, prior to said second marriage, and he or she not knowing such husband or wife to be living within that time. Also, nothing herein contained shall extend to any person that is, or shall be at the time of such second marriage, divorced by lawful authority from the bands of such former marriage, or to any person where the former marriage hath been, by lawful authority, declared void." Section 29 of the same act is concerned with the manner in which, upon the charge of bigamy, the proof of the marriages may be made. It provides that "It shall not be necessary to prove either of the marriages by the register or certificate thereof, or other record evidence; but the same may be proved by such evidence as is admissible to prove a marriage in other cases."

\* \* \* It is not necessary, therefore, in prosecutions for bigamy, to prove either of the alleged marriages by the register or certificate or other record evidence, but each marriage may be proved by such evidence as is admissible to prove a marriage in other cases. (*Lowery* v. *People*, 172 Ill. 466). A *prima facie* case is made by proof that the defendant married and that, while his spouse was living, he contracted a second marriage knowing that the first one had not been dissolved. (*Lowery* v. *People, supra; Jackson* v. *People*, 2 Scam. 231). Marriage with capacity and consent, proved by direct evidence, as by the testimony of witnesses who saw and heard the marriage ceremony performed between the parties, or record evidence with identification, would be evidence of an actual marriage. (*Hiler* v. *People*, 156 Ill. 511, 519). Evidence of cohabitation and reputation as man and wife without any admission of a marriage in fact, however, is insufficient. (*Lowery* v. *People, supra*). Proof of the celebration of a marriage raises a rebuttable presumption of the existence of all other facts essential to the validity of the marriage. *Barber* v. *People*, 203 Ill. 543.

The evidence disclosed that the plaintiff in error contracted two marriages. The first was proved by an acquaintance who testified that he witnessed the ceremony and by a brother of the wife, who testified that the contracting parties lived together as husband and wife for twenty years; that they had a son sixteen years of age; that, at the time of the trial, the wife was living and that the plaintiff in error had not been divorced from her. The second marriage was shown by the testimony of the clergyman who officiated at the ceremony. No countervailing evidence was offered and the testimony of these witnesses stands uncontradicted.

The second ground upon which a reversal of the judgment is sought consists of alleged defects or omissions in the evidence, namely, that there is no proof of the author-

ity of the minister to perform the second marriage ceremony; that the supplementary documentary evidence is insufficient because it does not appear that the record was required to be kept, and that the copy of the alleged marriage certificate was not properly certified. Certain provisions of the statute with respect to the celebration of a marriage ceremony by a minister of the gospel in regular standing in his church and the keeping of a record of marriages and the certification thereof are cited in support of this contention. These provisions do not govern the disposition of the objections urged and for that reason a review of them is unnecessary.

Edward Cathalos, the clergyman, testified that he was the minister of the First Bohemian Baptist Church, and that he united in marriage a Mrs. Berkeley and a man by the name of Graves who was the plaintiff in error. Proof that the minister who performed the ceremony was authorized to solemnize marriages was unnecessary. (*Lyman* v. *People,* 198 Ill. 544, 548). The witness was shown a certified photostatic copy of the marriage license and the appended certificate bearing his signature filed with the county clerk and he identified his signature. The copy of the certificate was not certified by the county clerk under the seal of the county as required by section 11 of the act on marriages. The second marriage was proved by uncontradicted testimony and section 29, to which reference has been made, dispensed with the necessity of any supplementary record or documentary evidence. The evidence of the prosecution with respect to both marriages complied with the requirements of section 29 and the charge laid against the plaintiff in error was established beyond a reasonable doubt.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*