C. H. WILCOX, Defendant in Error, *vs.* H. O. CONKLIN *et al.*—(W. J. STEIN, Plaintiff in Error.)

*Opinion filed October 26, 1912.*

ᵢ 1. CONSTITUTIONAL LAW—*constitution limits territorial jurisdiction of city courts.* The territorial jurisdiction of a city court for the service of original process is limited by the constitution to the corporate limits of the city where such court is located.

2. SAME—*territorial jurisdiction of municipal court of Chicago is the same as of other city courts.* Section 1 of article 6 of the constitution is the authority for the creation of the municipal court of Chicago, and the word "jurisdiction," as used in section 34 of article 4, concerning the jurisdiction of the municipal court of Chicago, refers to a jurisdiction other than territorial jurisdiction.

3. SAME—*paragraph 6 of section 28 of Municipal Court act is invalid.* Paragraph 6 of section 28 of the Municipal Court act, in so far as it purports to extend the territorial jurisdiction of· the municipal court of Chicago for service of original process beyond the territorial limits of the city, is ·invalid

4. PROCESS—*when summons is original process.* A summons issued by the municipal court of Chicago, in an action *in personam,* for service on a defendant not residing within the territorial limits of the city of Chicago is original process notwithstanding summons has been served upon another defendant residing within the city, and a service of the summons upon the non-resident defendant beyond the territorial limits of the city is void.

5. PRACTICE—*when court should allow motion to dismiss suit.* Where it is made to appear to the municipal court of Chicago, on motion supported by affidavit, that one defendant to an action *in*

*personam* in that court is not a resident of the city and has never been served with process within the limits of the city, the suit as to such defendant should be dismissed.

6. SAME—*when appearance of party by attorney is an implied admission of jurisdiction.* It is only in cases where objection to the jurisdiction must be taken by plea that there is an implied admission of jurisdiction by appearance of a party by his attorney.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

FREDERIC R. DEYOUNG, for plaintiff in error.

MASTIN & SHERLOCK, (FRANK CROZIER, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error brought suit in the municipal court of the city of Chicago in a case of the first class against H. O. Conklin, Loren Bugbee and plaintiff in error, as co-partners. Summons was issued to the bailiff of the municipal court on the day the suit was instituted and was served on the defendant Bugbee, only. Bugbee appeared and filed his affidavit of merits. Another summons was issued to the sheriff of Cook county and was served upon plaintiff in error in the city of Harvey, beyond the corporate limits of the city of Chicago. Thereafter, on December 27, 1910, plaintiff in error, by his attorney, filed his special appearance and motion to quash the service so had upon him and to dismiss the suit. He expressly limited the appearance for the sole purpose of making this motion. The motion set up that the summons was served upon the plaintiff in error in Cook county and outside the corporate limits of the city of Chicago, and that plaintiff in error was not, at the commencement of the suit nor at any time prior thereto, a resident of the city of Chicago. An affidavit was attached to and made a part of the motion, which

stated that no summons or writ of any kind or character had been served upon plaintiff in error within the territorial or corporate limits of the city of Chicago. The motion was denied, and plaintiff in error declined to defend the suit upon the merits or to abandon his special appearance and motion. On the trial the issues were found against the defendant Bugbee, and judgment was rendered against Bugbee and Stein for $8242.50 and costs. This writ of error has been sued out by Stein to bring up that judgment for review.

The only question raised by plaintiff in error is the constitutionality of paragraph 6 of section 28 of the act in relation to a municipal court in the city of Chicago, approved May 18, 1905. Said paragraph 6 provides that when there are several defendants, one of whom resides or is served with process in the city of Chicago, a summons may be issued to the sheriff of Cook county for any defendant residing or to be found in that county but outside the city of Chicago, or to the sheriff of any other county for any defendant residing or to be found in that county, provided that no judgment shall be entered against any defendant so served with process outside the city of Chicago unless judgment be also rendered against a defendant served within the city of Chicago. If the legislature has the power, under the constitution, to thus extend the territorial jurisdiction of the municipal court of Chicago beyond the corporate limits of the city, then the motion of plaintiff in error was properly denied. If it has not that power, then the motion should have been allowed and the suit dismissed.

Section 1 of article 6 of the constitution provides that the judicial powers of the State shall be vested in one supreme court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns. Pursuant to the authority thus vested in it the legislature has by a general act provided for the establishment of city courts.

Under a similar provision of the constitution of 1848 many city courts were established by acts of the legislature. We have consistently held that the territorial jurisdiction of a city court thus established, for the service of original process, is by the constitution confined to the corporate limits of the city where such court is located. *Ladies of the Maccabees* v. *Harrington,* 227 Ill. 511, and cases there cited.

Defendant in error contends that by the amendment to the constitution of December 5, 1904, known as section 34 of article 4, the legislature is authorized to grant to the municipal court of Chicago a jurisdiction different from that of any other city or municipal court, and that the provisions of said paragraph 6 of section 28 are authorized by this amendment and are therefore valid. This constitutional amendment provides that in case the General Assembly shall create municipal courts in the city of Chicago "the jurisdiction and practice of said municipal courts shall be such as the General Assembly shall prescribe." This amendment conferred no power or authority on the General Assembly to create municipal courts in the city of Chicago, but the authority to create such courts is conferred by section 1 of article 6 of the constitution. *Miller* v. *People,* 230 Ill. 65; *People* v. *Olson,* 245 id. 288; *People* v. *Cosmopolitan Fire Ins. Co.* 246 id. 442.

As it has always been held that the territorial limits of the jurisdiction of a city court created by authority of section 1 of article 6 of the constitution, for the service of original process, is confined to the limits of the city where such court was located, and as the authority to create and establish the municipal court of Chicago is derived alone from that section of the constitution and not from the amendment of 1904, it must follow that the jurisdiction which the General Assembly was authorized by the amendment to prescribe for such municipal courts as might be established in the city of Chicago was other than territorial jurisdiction. The legislature is therefore without authority

to extend the territorial jurisdiction of the municipal court, for the service of original process, beyond the corporate limits of the city of Chicago.

Defendant in error, conceding that the municipal court could not legally be authorized to acquire jurisdiction of a controversy *inter partes* by sending a summons beyond the city limits, contends that such is not the case presented by this record, as jurisdiction was acquired by service on one partner in the city of Chicago, and the summons directed to the sheriff of Cook county to be served on another partner was in aid of that jurisdiction. This position is not tenable. This is an action *in personam* and a personal judgment is sought. The court acquired no jurisdiction whatever over plaintiff in error, Stein, by the service of summons upon Bugbee in the city of Chicago. No order could be entered affecting Stein until after he had been served with process. When the service of process was had upon Bugbee the court acquired complete jurisdiction over him, and it required no service upon Stein or Conklin to aid that jurisdiction. After service upon Bugbee there was nothing to prevent the cause proceeding to judgment as against him. The process issued for Stein was necessarily original, and as it went beyond the territorial jurisdiction of the court the service was void.

Defendant in error further contends that said paragraph 6 of section 28, together with paragraph 4 of that section, is the equivalent of section 6 of the Practice act. In this he is in error. Section 6 of the Practice act is a limitation upon the right of parties to invoke the inherent power of courts of general jurisdiction; on the other hand, paragraph 6 of section 28 of the Municipal Court act attempts to enlarge the powers of the municipal court, and to confer upon it authority which, under the constitution, it cannot exercise.

Defendant in error insists that even though this paragraph of the Municipal Court act may be unconstitutional,

plaintiff in error has not properly presented the question and is not entitled to a reversal of this judgment for that reason. It is urged that the so-called motion of plaintiff in error is not a motion but simply an entry of appearance; that if it be held to be a motion it is not a proper motion, as it is directed against the service and not against the writ; that it is not certain, in that it fails to exclude service of some other writ within the city of Chicago; and that the motion is by attorney and not in person, thereby admitting the jurisdiction of the court.

While the motion was not strictly in proper form, it was intended for a motion and not a mere entry of appearance, and was properly so treated by the court. There is some force in the criticism of the form of the motion, which was to quash the service and dismiss the suit. We can perceive no difference, however, in its effect had it been made to quash the writ instead of the service. The question whether any summons issued by the municipal court may properly be directed to the sheriff of Cook county is not raised or discussed here and is not passed upon, but it is clear that the service of this summons was bad and the same should have been quashed. As plaintiff in error was sued in the municipal court of Chicago,—a city in which he did not reside,—defendant in error had no right to have the suit remain on the docket to annoy him, and when these facts were properly brought to the attention of the court the motion to dismiss as to him should have been allowed.

The third contention, that the motion fails to exclude the service of some other writ in Chicago, is answered by the motion itself. The affidavit of plaintiff in error was attached to and made a part of his motion, and it specifically states that no other summons was served upon him within the city of Chicago in that suit.

As to the last objection made to the method of procedure, the strict rules of pleading in abatement do not

255 — 39

apply. It is a proper practice to raise this question by motion, and the rules of the municipal court provide that a defendant shall by motion to dismiss, supported by affidavit, set up such matters in abatement as could be set up in the circuit court by plea in abatement supported by affidavit, so that in no case could this question be raised in the municipal court in any other way than by motion. It is only in cases where objection to the jurisdiction must be taken by plea that there is an implied admission of jurisdiction by the appearance of a party by his attorney.

The municipal court did not acquire jurisdiction over the person of plaintiff in error, and his motion to quash the service of summons and to dismiss the suit as to him should have been allowed.

The judgment of the municipal court is reversed and the cause remanded to that court, with directions to dismiss as to plaintiff in error.

*Reversed and remanded, with directions.*