**Ella Spears, Administratrix, Defendant in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Plaintiff in Error.**

1.  APPEAL AND ERROR, § 800*—*when motion must be preserved in bill of exceptions.* A motion to quash summons and to strike the declaration from the files can be made a part of the record only by a bill of exceptions.

2.  APPEAL AND ERROR, § 824*—*section 81 of Practice Act construed.* Section 81 of the Practice Act (J. & A. ¶ 8618) does not change the rule as to the preservation of exceptions but only as to the removal of the record from the trial court to the court of review.

3.  APPEARANCE, § 10*—*when making of motion does not constitute general appearance.* A motion by defendant to quash a summons and to strike the declaration on the ground that the declaration did not follow the *præcipe* as to the parties or the amount of damages, *held* not to constitute a general appearance because it called upon the court to determine the merits of the case.

4.  APPEAL AND ERROR, § 783*—*when bill of exceptions becomes part of record.* The bill of exceptions becomes a part of the record from the time of signing and filing and not before.

5.  PLEADING, § 451*—*grounds for striking declaration.* A motion by defendant to strike the declaration on the ground that it did not follow the *præcipe* as to the parties and the amount of damages, *held* improperly overruled.

Error to the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded with directions. Opinion filed November 9, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

P. J. KOLB and W. F. SCOTT, for plaintiff in error; BERTRAND WALKER, of counsel.

THOMPSON & THOMPSON and CLARK & HUTTON, for defendant in error.

MR. JUSTICE HARRIS delivered the opinion of the court.

This was a suit by defendant in error for ten thousand dollars brought in the Circuit Court of Saline county to the April term, 1911, against the Saline County Coal Company. *Præcipe* for summons filed March 22, 1911. The cause was on May 13, 1911, continued generally. The declaration in the case was filed June 2, 1911, against the Saline County Coal Company and plaintiff in error *ad damnum* two thousand dollars, this being in vacation after the April term, 1911. Summons was issued June 2, 1911, against the plaintiff in error alone, original return of summons dated June 2, 1911. Amended return of summons dated the eleventh day of September, 1911.

Upon motion of defendant in error on June 13, 1911, leave of court was obtained permitting defendant in error to amend *præcipe* and declaration in the case, making new parties defendant, viz., plaintiff in error, and ordered that the clerk issue an *alias* summons for said new parties defendant returnable to the next term of the said Circuit Court. April 10, 1913, order of court granting sheriff leave to amend return of summons against plaintiff in error. *Præcipe* for summons filed in vacation July 31, 1913, against plaintiff in error, in an action on the case *ad damnum* two thousand dollars July 31, 1913, summons issued by clerk accordingly, returnable to the first day of September term, 1913. Return showing summons served August 28, 1913. On September 10, 1913, order of court showing motion under limited appearance to quash summons dated July 31, 1913, motion confessed and summons

quashed. On September 12, 1913, motion by plaintiff in error by limited appearance to quash summons issued June 2, 1911, and strike declaration filed same day in so far as same relates to the plaintiff in error.

November 28, 1913, the court sustained the motion to quash summons and the same was quashed. The court reserved ruling upon motion to strike declaration and on the second day of December, 1913, overruled the motion to strike declaration, and on the sixth day of December, 1913, entered default against plaintiff in error for failure to plead. On the ninth day of December, 1913, suit was dismissed as to Saline County Coal Company and defendant in error was granted leave to file amended declaration and plaintiff in error ruled to plead by second Wednesday. On Wednesday, the tenth day of December, 1913, a default was entered against plaintiff in error. On Thursday, the eleventh day of December, 1913, a trial was had on the default and damages assessed by a verdict entered in the sum of two thousand dollars, judgment entered thereon in favor of defendant in error and against plaintiff in error for the sum of two thousand dollars and costs of suit.

Plaintiff in error by writ of error asks a reversal of the judgment for the following reasons:

First. Because the court did not obtain jurisdiction of the plaintiff in error.

Second. Because the amended declaration upon which the verdict was returned and judgment entered did not state a cause of action against plaintiff in error.

Third. Because the record in the case would not sustain a judgment against plaintiff in error for all the costs.

In considering the first error assigned, plaintiff in error calls the attention of this court to the certificate of the clerk that no bill of exceptions had been signed and filed. The record filed in this court seems to have

been prepared and certified under section 81 of the
Practice Act (J. & A. ¶ 8618), the plaintiff in error
filing *præcipe* for the part of the record it regarded as
material and defendant in error filing *præcipe* with
clerk for the part she regarded as material. The
clerk accordingly prepared and certified the parts of
record as called for without the bill of exceptions. It
is argued by plaintiff in error that to bring the motion
to quash summons and to strike the declaration be-
fore this court for review it must be done by bill of
exceptions. A motion to strike a part of the files or
for leave to file additional plea is no part of the record
unless made so by the bill of exceptions. *Green v. Jen-
nings,* 184 Ill. App. 340. Motions for change of venue
and for continuance are no part of the record unless
made so by the bill of exceptions. *People v. Weston,*
236 Ill. 104. The section of the Practice Act to which
our attention has been called does not change the rule
as to the preservation of exceptions but only as to the
removal of the record from the trial court to the court
of review. The bill of exceptions becomes a part of
the record from the time of signing and filing of same
and not before. Jurisdiction is never presumed. The
record must affirmatively show jurisdiction. Counsel
in this case proceed upon the theory that if the trial
court obtained jurisdiction of plaintiff in error it was
under its motion of September 12, 1913, by entry of ap-
pearance and in no other way. This court could only
examine the record in this regard and the motion when
the same was properly made a part of the record by
bill of exceptions, which has not been done. The im-
portance of the first error argued, that of jurisdiction
of plaintiff in error, is such that it should be con-
sidered and determined regardless of the way it is pre-
sented, and waiving in this case the failure of the
record to preserve by bill of exceptions the motion. It
is conceded that if the court obtained jurisdiction of
plaintiff in error it was under the motion in question

by voluntarily submitting to the court questions which called for a decision of the Court on the merits of the case.

The law as to when a party waives his right to summons or notice and submits to the jurisdiction of the court has been by many decisions of our Supreme Court established. However, each case differs in the application of the law to the facts. In the case of *Nicholes v. People,* 165 Ill. 502, the court summarized the authorities upon the question and determined when a party submitted to jurisdiction and this decision is now the leading case in this State upon the subject and is so recognized by counsel on both sides in their argument of error in this case. The difference between counsel is in the application of the law in that case to the facts of the case at bar.

Plaintiff in error limited its appearance and had the right to so appear and question the sufficiency of notice to confer jurisdiction, and if it went no further the court would have no right to render judgment. If plaintiff in error appeared to the merits and made a defense which could only be maintained by the exercise of jurisdiction, the appearance is general whether it is in terms limited or not. 2 Encyc. of Pleading and Practice 625.

The *præcipe* for summons against the Saline County Coal Company filed March 22, 1911, *ad damnum* ten thousand dollars, the declaration filed June 2, 1911, against Saline County Coal Company and plaintiff in error *ad damnum* two thousand dollars, and *præcipe* filed July 31, 1913, against plaintiff in error *ad damnum* two thousand dollars. A summons issued thereon, which summons was on September 10, 1913, quashed by defendant in error confessing the motion to quash.

There were three papers on file in this case on December 2, 1913, when the court overruled the motion of plaintiff in error to strike the declaration, the two *præcipes* and the declaration.

The *præcipes* filed at different dates laying the dam-
ages at different amounts and against different de-
fendants. The declaration including both defendants,
one of which had filed pleas to the merits and the other
denying jurisdiction. A declaration not following the
*præcipe* theretofore filed as to parties or in amount
of damages and filed as against another party without
being preceded by *præcipe* for summons and without
leave of court in term time or judge in vacation. It
may be true that in this condition of the record it was
immaterial to plaintiff in error whether the declara-
tion remained on file or not, or whether it and the
*præcipe* filed against another defendant agreed as to
the amount of damages, and it is immaterial to the
court. What the court had to determine was whether
or not did plaintiff in error by voluntarily making such
a motion, and assigning the reason that the declara-
tion and the *præcipe* filed against another defendant
differed in amount of damages, does any more than
object to the manner in which it was brought before
the court and to show that it was not legally there at
all. A motion to strike a declaration on the ground
that it was not filed following a *præcipe* for summons
or by leave of the court in term time or vacation does
not call upon the court to determine a question of
merits, but only a question of procedure. A declara-
tion not filed in accordance with our established rules
of procedure is not legally a part of the files and should
on motion be stricken. The fact that this declaration
was preceded by a *præcipe* as to one of the defendants
would give the filing of the same as against the other
defendant no greater dignity than if the latter defend-
ant was the only defendant mentioned in the declara-
tion, and because a motion to strike gives as a reason
that the damages laid in the *præcipe* referred to are
ten thousand dollars, and in the declaration two thou-
sand dollars does not call upon the court to determine a
question of merits as to whether plaintiff in error was

622    APPELLATE COURTS OF ILLINOIS.

Spears v. Cleveland, C., C. & St. L. Ry. Co., 190 Ill. App. 616.

in any way liable to defendant in error from the allegations of the declaration. As was said in the case of *Nicholes v. People, supra,* the court can only pass upon a question going to the merits upon the hypothesis that it has jurisdiction of the parties; and the objection in that case was in the nature of a general demurrer and called upon the court to decide whether the improvement had been built, paid for and accepted as alleged. So with all the authorities, when you reach the exact question submitted and the conclusion of the court that the party had conferred jurisdiction, it is where the party denying jurisdiction has called upon the court to decide the sufficiency of the allegations of a petition or declaration filed against it. This is not the case here, the reference to the *ad damnum* in declaration and *præcipe* is not by way of determining whether plaintiff in error is liable under the allegations of declaration or for how much, but as a matter of identification of parties under the two *præcipes* filed, and that the declaration should be stricken, first, because it did not follow the filing of any *præcipe* against plaintiff in error; and second, because no leave was sought or obtained to file it. The conclusion reached upon this record as to jurisdiction, we think, is supported by the facts and the application of the law in the following cases: *Ladies of Maccabees v. Harrington,* 227 Ill. 511; *Wilcox v. Conklin,* 255 Ill. 604.

In the case of *Wilcox v. Conklin, supra,* a suit against two defendants, one of which pleaded to merits, the plaintiff in error filed his special appearance and motion to quash the service so had upon him and dismiss the suit. It was urged that the so-called motion was not a motion but an entry of appearance. The Court said: "While the motion was not strictly in proper form, it was intended for a motion and not a mere entry of appearance, and was properly so treated by the court. * * * As plaintiff in error was sued in the Municipal Court of Chicago,—a city in which he

did not reside,—defendant in error had no right to have the suit to remain on the docket to annoy him, and when these facts were properly brought to the attention of the court the motion to dismiss as to him should have been allowed."

In this case, while the motion was not strictly in form, each step in the proceeding shows plaintiff in error protesting as to jurisdiction; and from the time the court passed upon the motion to quash the summons and strike the declaration, plaintiff in error took no further part in the proceeding. The court did not obtain jurisdiction of plaintiff in error, and the motion to strike the declaration as to plaintiff in error should have been sustained.

The other errors argued for a reversal of this judgment are with reference to what was done after the ruling by the court upon the motion in question, the loss of jurisdiction by the cause being dropped from docket, the filing of a new declaration and not an amended declaration, the default of defendant prior to the expiration of ten days, the sufficiency of the declaration to sustain the verdict and the entry of judgment against plaintiff in error for all costs.

As this case must be reversed on the question of jurisdiction it will be unnecessary to discuss the other errors argued, if any there are; if this case should proceed further, they will probably be obviated.

The Circuit Court did not acquire jurisdiction over the person of plaintiff in error, and judgment will be reversed and cause remanded with directions to sustain the motion to strike the declaration so far as the same relates to plaintiff in error.

*Reversed and remanded with directions.*