**Walter S. Adams, Appellant, v. Leora Bell Rutledge Adams, Appellee.**

**Gen. No. 8,218.**

Heard in this court at the April term, 1928. Opinion filed October 15, 1928.

Jos. R. Martin and F. A. Perkins, for appellant.

Claude E. Chiperfield, Burnett M. Chiperfield and Robert B. Chiperfield, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

In this case the appellant, Walter S. Adams, a resident of Fulton county, filed a bill in chancery for divorce against his wife the appellee, Leora Bell Rutledge Adams, in the city court of Canton, Fulton county. The bill charges adultery, and prays for the custody of the minor children of the parties. The service on appellee was by a copy of the bill of complaint and based on the requirements of sections 8 and 14 of the Chancery Act, Cahill's St. ch. 22, ¶¶ 8, 14. Section 8 provides that "Upon the filing of every bill, the clerk of the court shall thereupon issue a summons, tested, dated and sealed as a summons in common-law suits, directed to the sheriff of the county in which the defendant resides, if the defendant be a resident of this State, requiring him to appear and answer the bill on the return day of the summons; and where there are several defendants residing in different counties, a separate summons shall be issued to each county, including all the defendants residing therein."

And section 14 provides that "The complainant may cause a copy of the bill, together with a notice of the commencement of the suit, to be delivered to any defendant residing or being without this State, not less than thirty days previous to the commencement of the term at which such defendant is required to appear; which service, when proved to the satisfaction of the court, shall be as effectual as if such service had been made in the usual form, within the limits of this State." In this case a summons was issued by the clerk of the city court under the provisions of section 8, directed to the sheriff of Fulton county, who returned the same: "I cannot find in my county, Leora Bell Rutledge Adams." Thereupon a copy of the bill filed, together with a notice of the commencement of the suit, was served on the defendant and appellee in conformity

with the requirements of section 14 above quoted. Thereafter at the term to which the suit was commenced, the appellee filed a plea in abatement of the suit, limiting her appearance for that purpose alone, on the ground the city court had acquired no jurisdiction of her by the service of the copy of the bill. The court sustained the plea in abatement and dismissed the bill. The question presented for review is the action of the court in sustaining the plea in abatement of the suit. And the point presented for determination is, whether the service of the copy of the bill of complaint was legally sufficient to give the city court of Canton jurisdiction of the person of the appellee for the purpose of adjudicating the matters contained in the bill of complaint. This was not a proceeding to subject any property of the appellant to any lien or charge and hence is not a proceeding *in rem,* but relates merely to the personal rights and obligations of the appellee as wife of the appellant. The action is therefore *in personam.* "Marriage is a personal relation or status created under the sanction of law, and an action for divorce is a proceeding brought for the purpose of effecting a dissolution of that relation. The action is one of a personal nature." *Bushnell v. Cooper,* 289 Ill. 260, 264; *Dietz v. Speybroeck,* 225 Ill. App. 133, 138.

A city or municipal court can only acquire jurisdiction in actions *in personam* by the service of original process when such service is had within the territorial limits of the city or municipality. And therefore when it is made to appear to a municipal court "on motion supported by affidavit, that defendant to an action *in personam* in that court is not a resident of the city and has never been served with process within the limits of the city, the suit as to such defendant should be dismissed." *Wilcox v. Conklin,* 255 Ill. 604. The decision in the *Wilcox* case cited above makes it apparent that the city court of Canton could not have obtained jurisdiction of the person of the appellee by original

process; if it could not have acquired jurisdiction of the person of the appellee under original process of summons, it seems apparent that substituted service of process would not have greater legal force. And it is evident from the language of sections 8 and 14 of the Chancery Act, Cahill's St. ch. 22, ¶¶ 8, 14, that they do not refer to the process of city courts, but refer to the process of courts which have power to serve summons on a defendant "within the limits of the State"; and in any county within the State where the defendant may reside. *Supreme Hive Ladies of Maccabees of World v. Harrington,* 227 Ill. 511, 523. In the latter case the Supreme Court pointed out concerning similar statutory language, that "the language of this statute, 'the courts of record of the county wherein the plaintiff or complainant may reside,' etc., does not include city courts. City courts are courts of record in and for cities and are not courts of record for the county, within the meaning of this statute."

For the reasons stated, we are of opinion that the plea in abatement was properly sustained, and the judgment is therefore affirmed.

*Affirmed.*