In re Estate of Maggie Ingram Clark, Deceased.

Opinion filed February 1, 1932.

JOHN H. MEYER and K. D. CUMMINS, for appellant; W. C. KANE, of counsel.

LLOYD H. MELTON and CHARLES H. THOMPSON, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Maggie Ingram Clark died on the second day of February, A. D. 1931, a resident of Saline county, and seized and possessed of real and personal estate. On February 6, 1931, Mollie Tavender, appellee herein, filed a petition in the county court of Saline county setting up that she was the sister and sole and only heir at law of the said decedent, and asked that she be appointed administratrix of the estate. She was duly appointed, filed her oath and bond and letters of administration were thereupon issued to her. On the same day L. R. Clark, the appellant, filed a petition in said court representing himself to be the husband of Maggie Ingram Clark, that letters had been issued to Mollie Tavender upon fraudulent representations, that the same should be revoked and that under the law he, as the surviving husband, was entitled to be named administrator of his wife's estate. He also filed a relinquishment of his right to be appointed administrator, and filed a petition asking that Grace M. Meyer be appointed administratrix.

On February 21, 1931, on a further hearing the county court found that L. R. Clark was the husband of Maggie Ingram Clark at the time of her death, and was entitled to nominate the administratrix. By the same order the county court revoked the letters of administration theretofore issued to Mollie Tavender and named Grace M. Meyer administratrix of said estate.

An appeal was taken from the decision of the county court to the circuit court of Saline county. After the taking of testimony and a full hearing, the circuit court found the issues in favor of appellee and dismissed the cross petition of L. R. Clark, who prosecutes the appeal from that order to this court.

Two primary questions arise on the record in this case. First, was the marriage of L. R. Clark and Maggie Ingram Clark proven by competent evidence; and second, the validity of a divorce decree granted to Maggie Ingram Clark from Lewis Clark in the city court of the City of Harrisburg, Illinois.

The appellant sought to prove the marriage by introducing in evidence the bill for divorce filed by Maggie Ingram Clark against Lewis Clark, in the city court of the City of Harrisburg, and a transcript of the testimony taken at the hearing on said bill; also by oral proof on the part of L. R. Clark, who testified to his marriage with Maggie Ingram Clark and the fact that he had resided with her up until the time of her death. He testified to the date and place of his marriage and where they had lived since the marriage. He also offered in evidence a marriage certificate which he says was issued to him at the time of the marriage, but the court properly refused its admission because it did not properly identify the parties. The names of the contracting parties in the marriage certificate were given as Joseph Clark and Anna Ingram. Mollie Tavender, the appellee, was also called as a witness in behalf of appellant and testified to being present in the house

where L. R. Clark and Maggie Ingram Clark were living together, and to hearing a conversation between the two during a quarrel, where Mrs. Clark told L. R. Clark that she had procured a divorce from him.

The appellee insists that the statements in an unsworn bill in chancery are not admissible as evidence of admissions in another proceeding, but we believe there is ample authority to the contrary in cases of this character,—*Prescott v. Fisher,* 22 Ill. 390, and *Schmisseur v. Beatrie,* 147 Ill. 210. Both cases hold that the filing of a bill for divorce is evidence against the complainant of the admissions which it contains. In the case in the city court of Harrisburg Maggie Ingram Clark followed the filing of the bill with her sworn testimony concerning the marriage. The oral testimony given by Mollie Tavender contained further admissions on the part of Maggie Clark as to the marriage.

Record evidence of marriage is not required and the admissions of the party may be sufficient to prove marriage. *Lowery v. People,* 172 Ill. 466. Conceding that some of the testimony offered on the part of L. R. Clark is not competent, we believe there is sufficient testimony in this record to prove the marriage between L. R. Clark and Maggie Ingram Clark.

The appellee introduced evidence to sustain the validity of the divorce decree entered in the city court of Harrisburg and while the appellant points out irregularities in the affidavit of nonresidence, the main question was whether or not the city court acquired jurisdiction of the person of Lewis Clark through publication, no other service being secured in the cause, and no attempt being made to subject any property of appellant to any lien or charge. Prior to 1929, our courts held:

"An action for divorce is a proceeding brought for the purpose of effecting a dissolution of that relation. The action is one of a personal nature." *Bushnell v.*

*Cooper,* 289 Ill. 260. "A city or municipal court can only acquire jurisdiction in actions *in personam* by the service of original process when such service is had within the territorial limits of the city or municipality." *Adams v. Adams,* 251 Ill. App. 45; *Wilcox v. Conklin,* 255 Ill. 604.

The city court of Harrisburg never acquired any jurisdiction of the person of L. R. Clark and therefore the decree in the divorce proceedings in that court was void and did not sever the marriage relation between the parties.

It is our judgment that the order of the county court of Saline county was correct and that the judgment of the circuit court should be reversed with directions to enter a judgment for appellant in accord with the views herein expressed.

*Reversed with directions.*