**NOTICE**

Decision filed 09/02/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241184-U

NO. 5-24-1184

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

**NOTICE**

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JAMES B. EADS, TAMARA K. EADS, PATRICK DUST, MARIA DUST, PP & W PROPERTIES, INC., CHAD M. LARSON, HEIDI A. LARSON, JAIME M. JONES, HASTINGS BARRY CARL TRUST, BRIAN L. HASTINGS, WENDY HASTINGS, AKER REALTY CORPORATION, MICHAEL R. LAMONTO, KRISTA L. LAMONTO, SCOTT GRADLE, LISA GRADLE, GAGLIARDO FAMILY LIVING TRUST, MARK A. GESELL, LAURA A. GESELL, BRIAN E. SMITH, BETH M. SMITH, RANDALL P. DOSIEN, SANDRA G. DOSIEN, ROSS W. COLLINS, CINDA S. COLLINS, BRUCE W. GRAFTON, CHARLA K. GRAFTON, JERRY W. BEAUMONT, SANDRA N. BEAUMONT, ORIS BUNN, DIANE BUNN, DARRYL J. STEPANOVIC, KOLBI KRAFT, and REBECCA KRAFT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Coles County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | No. 23-MR-58 |
| GEORGE EDWARDS, in His Official Capacity as Coles County Treasurer, | ) ) ) ) | Honorable Jonathan T. Braden, |
| Defendant-Appellee. | ) ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

1

¶ 1    *Held*:   Plaintiffs' appeal is dismissed where no record exists from which this court could find jurisdiction.

¶ 2    Plaintiffs, James B. and Tamara K. Eads, Patrick and Maria Dust, PP & W Properties, Inc., Chad M. and Heidi A. Larson, Jaime M. Jones, Barry Carl Trust, Brian L. and Wendy Hastings, Aker Realty Corporation, Michael R. and Krista L. Lamonto, Scott and Lisa Gradle, Gagliardo Family Living Trust, Mark A. and Laura A. Gesell, Brian E. and Beth M. Smith, Randall P. and Sandra G. Dosien, Ross W. and Cinda S. Collins, Bruce W. and Charla K. Grafton, Jerry W. and Sandra N. Beaumont, Oris and Diane Bunn, Darryl J. Stepanovic, and Kolbi and Rebecca Kraft, appeal the circuit court's April 9, 2024, order denying their tax objection complaint as well as the circuit court's October 23, 2024, order denying their reconsideration request. On appeal, plaintiffs argue that the trial court erred in finding plaintiffs failed to establish by clear and convincing evidence that the Coles County Assessor engaged in unlawful assessment practices in violation of the uniformity clause of the Illinois Constitution. For the following reasons, we dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4    On November 7, 2023, plaintiffs filed a tax objection complaint against the Coles County Treasurer. The complaint alleged that each of the tax objectors initially requested review with the Coles County Board of Review raising the questions of law regarding the taxation process as applied to their property and claims that the Assessor engaged in unlawful and unconstitutional assessment practices, but the Coles County Board of Review denied the reviews. Plaintiffs further alleged that they then requested review with the Illinois Property Tax Appeal Board (PTAB), but the PTAB refused to hear the appeal, stating that issues of law must be raised in the circuit court because the administrative agency lacked jurisdiction to hear legal argument.

¶ 5    The remainder of plaintiffs' complaint provided additional details related to their claims that the Coles County Assessor's assessments involving Lafayette and Charleston Township

2

properties were illegal and violated article IX, section 4(a) of the Illinois Constitution because the assessments were not uniform and equal. Attached to the complaint were acknowledgments from the PTAB of plaintiffs' separate appeals that requested additional information from the plaintiffs.

¶ 6 On April 2, 2024, the Coles County State's Attorney entered his appearance on behalf of the Coles County Treasurer, moved for dismissal pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2022)), and responded to plaintiffs' complaint. Therein, the State argued, citing *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 307 (2010), that a true "unauthorized by law" challenge only arose where the taxing body had no statutory power to tax in a certain area or tax a certain subject as opposed to a complaint that merely alleged procedural errors or irregularities in the taxing process. The State noted that plaintiffs alleged procedural error and irregularities in the taxing process in their complaint and therefore, were required to exhaust their administrative remedies pursuant to section 23-10 of the Property Tax Code (35 ILCS 200/23-10 (West 2022)). The State further alleged that none of the plaintiffs submitted the additional material requested by the PTAB and each of their personal appeals was dismissed. The motion claimed the plaintiffs failed to exhaust their administrative remedies. It further argued that the assessment in off years was constitutional, and the requested relief would impose a statutorily invalid assessment. Attached to the motion was an affidavit from Denise Shores, the Supervisor of Assessments in Coles County, and the PTAB docket sheets for each property, which revealed plaintiffs' claims were "dismissed after incomplete filing."

¶ 7 The case was set for hearing on April 4, 2024. After hearing arguments on the State's motion to dismiss, the circuit court denied the motion and the parties proceeded to hearing on plaintiffs' tax objection complaint. Four stipulations regarding the evidence were read into the record and testimony was provided by assessors, Rex Barnes and Denise Shores. Following

presentation of evidence and argument by the parties, the court took the matter under advisement. On April 9, 2024, the trial court issued a four-page order addressing the evidence and arguments submitted and ultimately found that plaintiffs failed to prove, by clear and convincing evidence, that the Coles County Assessor's assessments were illegal.

¶ 8       On May 7, 2024, plaintiffs filed a motion to reconsider setting forth their contentions of error with the circuit court's decision. The State filed a response on August 26, 2024. A hearing on the reconsideration was held on August 27, 2024. On October 23, 2024, the trial court issued an order denying the motion to reconsider. Plaintiffs appealed.

¶ 9                                    II. ANALYSIS

¶ 10      On appeal, plaintiffs argue that the trial court erred by denying their tax complaint where the evidence revealed the assessor used two different methods in the taxing district during the 2022 general reassessment period. It further argues that such action is contrary to article IX, section 4 of the Illinois Constitution (Ill. Const. 1970, art. IX, § 4) which requires uniformity of taxation. The State disagrees with plaintiffs' argument and further contends the appellate court lacks jurisdiction because the circuit court lacked subject matter jurisdiction due to plaintiffs' appeals with the PTAB.

¶ 11      As recently noted by the Illinois Supreme Court:

> "[C]ourts of review have an independent duty to consider jurisdiction because jurisdiction is a threshold issue that must be considered before considering the merits of the case [citation] and because a reviewing court must resolve a jurisdiction issue even if the jurisdiction issue has not been raised by the parties."
>
> *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 1.

As such, we first address the jurisdictional issue.

4

¶ 12    The State argues that the Property Tax Code provides two mutually exclusive appeal options to challenge a property tax assessment once the Board of Review issues its decision. It contends plaintiffs proceeded under PTAB and therefore a circuit court appeal was not possible. We agree, in part, with the State.

¶ 13    The ability to challenge a property tax assessment following a decision by the Board of Review is statutory. See 35 ILCS 200/16-160, 23-5, 23-10 (West 2022). The party challenging the decision can either file an appeal to the PTAB, or after payment of the real estate tax due on the property, the challenger can file a tax objection complaint in the circuit court. *Id.* §§ 16-160, 23-5, 23-10. While both options are available, a challenger is precluded from proceeding with an appeal under both avenues. *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 477 (2008). The Illinois Supreme Court clarified that,

> "If a taxpayer seeks review before the Property Tax Appeal Board, he or she is precluded from filing objections based upon valuation in the circuit court. In the same way, if a taxpayer files objections based upon valuation in the circuit court, the taxpayer cannot file a petition contesting the assessment of the subject property with the Property Tax Appeal Board." *Id.* at 477-78.

¶ 14    The record clearly demonstrates that each of the plaintiffs filed an appeal to the PTAB following receipt of the decision from the Coles County Board of Review. Plaintiffs' complaint alleged that "[e]ach of the Tax Objectors filed a request for review with the Coles County Board of Review" and "[a]s a result, the Tax Objectors filed a request for review with the Illinois Property Tax Appeals Board ('PTAB')." These allegations were supported with a group exhibit attached to the complaint containing copies of the April 27, 2023, correspondence from the PTAB acknowledging the appeals and requesting additional information related to the claims.

5

¶ 15    Additionally, the State's motion to dismiss and response to plaintiffs' complaint filed in the circuit court contained copies of the PTAB docket sheets. The docket sheets confirmed that plaintiffs' PTAB appeals were received by the agency between April 10, 2023, and April 12, 2023. The docket sheet further revealed that the agency sent correspondence to each plaintiff requesting additional information related to their claims and said correspondence was received by plaintiffs' counsel on April 27, 2023. The docket sheets also revealed that plaintiffs failed to provide the requested information within the requisite 30-day period and the cases were dismissed on June 22, 2023. Plaintiffs then filed their tax objection complaint in the circuit court on November 7, 2023.

¶ 16    While a challenger of a Review Board decision can proceed with either an appeal to the PTAB or file a tax complaint in circuit court, contrary to portions of the State's argument, filing an appeal with the PTAB does not necessarily mean the case will never be heard in circuit court. Section 16-195 of the Property Tax Code provides the following:

> "Final administrative decisions of the Property Tax Appeal Board are subject to review under the provisions of the Administrative Review Law, except that in every case where a change in assessed valuation of $300,000 or more was sought, that review shall be afforded directly in the Appellate Court for the district in which the property involved in the Board's decision is situated, and not in the circuit court."
>
> 35 ILCS 200/16-195 (West 2022).
>
> See also 86 Ill. Adm. Code 1910.74(a)(1), (2) (eff. Jan. 5, 2000).

Accordingly, *if* the plaintiffs' assessed value is less than $300,000 *and* their appeals from PTAB to the circuit court were timely under the Administrative Review Law (see 735 ILCS 5/3-103 (West 2022)), then plaintiffs' appeal to the Coles County circuit court was proper and the circuit court had subject matter jurisdiction over the appeal. However, based on the exhibits attached to

6

the pleading, the PTAB dismissal occurred on June 15, 2023. The Administrative Review Law required plaintiffs' complaint to be filed within 35 days of the administrative decision. *Id.* Plaintiffs' complaint was not filed until November 7, 2023, well beyond the statutorily allowed period. While it is possible that a reconsideration was requested that may have extended the time period, no record was filed that revealed such action was taken.

¶ 17 Equally concerning is the fact that even if plaintiffs' complaint was timely filed from the PTAB to the circuit court, it is apparent that the circuit court misconstrued the limits of its subject matter jurisdiction based on plaintiffs' appeal from the PTAB dismissal. Appeals from the PTAB are governed by the Administrative Review Law. 35 ILCS 200/16-195 (West 2022). On review, our jurisdiction, as well as the circuit court's jurisdiction, is limited to review of the administrative agency's decision. See *Peacock v. Illinois Property Tax Appeal Board*, 339 Ill. App. 3d 1060, 1068 (2003). Typically, under such review, "we accept the administrative agency's findings and conclusions on questions of fact as *prima facie* true and correct." *Id.* We will not overturn the agency's decision unless it was against the manifest weight of the evidence which requires a finding that " 'all reasonable and unbiased persons would agree that the opposite conclusion is clearly evident.' " *Id.* (quoting *National City Bank of Michigan/Illinois v. Property Tax Appeal Board*, 331 Ill. App. 3d 1038, 1042 (2002)).

¶ 18 Plaintiffs' appeal to the PTAB claimed a lack of uniformity in the property tax assessments in Lafayette and Charleston Townships located in Coles County, Illinois. A "party objecting to an assessment on lack of uniformity grounds bears the burden of proving the disparity by clear and convincing evidence." *Walsh v. Property Tax Appeal Board*, 181 Ill. 2d 228, 234 (1998); see also 86 Ill. Adm. Code 1910.63(e) (eff. Jan. 5, 2000). The PTAB regulations state that proof of "unequal treatment in the assessment process should consist of documentation of the assessments for the

assessment year in question of the subject property and it is recommended that no less than three comparable properties be submitted." 86 Ill. Adm. Code 1910.65(b) (eff. Mar. 6, 1997). The regulations further clarify that the documentation submitted must show "the similarity, proximity and lack of distinguishing characteristics of the assessment comparables to the subject property." *Id.*

¶ 19    Here, after plaintiffs' appeals were filed with the PTAB, the agency sent correspondence requesting additional information. The correspondence that was received by plaintiffs' counsel on April 27, 2024, reiterated the procedural requirements and informed plaintiffs of what evidence was required to support their appeal, when such evidence was due, and how to request an extension of time to submit that evidence. The correspondence further stated, "The appellant is reminded that tax objection complaints are heard in the circuit courts, not the PTAB ***." Despite receiving the admonitions documented in the PTAB correspondence, no requested information was provided to the PTAB, no request to withdraw the PTAB appeals was made, and the PTAB eventually dismissed the appeal based on the lack of supporting evidence.

¶ 20    Further, while the procedural regulations allow additional evidence to be submitted on appeal at the PTAB, there is no similar allowance when reviewing the agency decision. See 735 ILCS 5/3-110 (West 2022) ("No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court."). Following the issuance of a decision, the PTAB will certify the record of the proceedings and upon payment by the party seeking review, or evidence that the party seeking review cannot afford to pay the charges, the certified record will be filed with the appropriate court of review. 86 Ill. Adm. Code 1910.74(b) (eff. Jan. 5, 2000); see also 735 ILCS 5/3-108(b) (West 2022) (requiring the agency to file an original or certified copy of the entire record of proceedings with the court of

review). Our review, as well as the circuit court's review, is based solely on the record of proceedings before the PTAB. See *Cook County Board of Review v. Property Tax Appeal Board*, 395 Ill. App. 3d 776, 785-87 (2009) (addressing each issue raised on appeal based on its careful review of the record).

¶ 21    Nor can this court accept any contrary argument that plaintiffs' appeal to the circuit court was a direct appeal from the Board of Review. As noted above, plaintiffs admitted that they filed an appeal to the PTAB. However, even without the admission, this court has no record to confirm the plaintiffs' alleged direct appeal was timely. A party may file a direct appeal from the Board of Review to the Illinois Circuit Court; however, in such situation, the complaint must be filed "within 75 days after the first penalty date of the final installment of taxes for the year in question." 35 ILCS 200/23-10 (West 2022). Here, there is no information from which this court could determine when the first penalty date of the final installment of taxes was due to determine whether the tax objection complaint was timely filed with the circuit court. Nor is there any record confirming the plaintiffs issued payment under protest (*id.*) or requested exemption. *Id.* § 23-5. With no record, this court has nothing to support any claim of jurisdiction.

¶ 22    It is the appellant's burden to provide a sufficiently complete record that confirms this court's jurisdiction and supports any claims of error on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Typically, the absence of such a record on appeal, results in a presumption that "the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Id.* However, it has long been held that "[j]urisdiction is never presumed" and "[t]he record must affirmatively show jurisdiction." *Spears v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 190 Ill. App. 616, 619 (1914). Because no record was submitted that supports any finding of our jurisdiction, we must dismiss the appeal.

9

¶ 23                                    III. CONCLUSION

¶ 24      For the above-stated reasons, we dismiss plaintiffs' appeal.


¶ 25      Appeal dismissed.