## RUSSELL v. STATE.

### Opinion delivered February 11, 1899.

1. BIGAMY—DEFENSE.—It is no defense to a prosecution for bigamy that defendant honestly and reasonably believed that he had been granted a divorce from his first wife, but such evidence is admissible in mitigation of his punishment. (Page 188.)

2. APPEAL—WHEN ERROR NOT PREJUDICIAL.—The error of refusing to admit competent evidence in mitigation of punishment is not prejudicial if the jury assessed the lightest punishment fixed by the statute. (Page 189.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

#### STATEMENT BY THE COURT.

Appellant was indicted for bigamy. He demurred to the indictment, but in his argument does not insist upon the demurrer, which we do not discuss here. We think the indictment sufficient. He was tried, convicted and sentenced for three years in the penitentiary. He appealed to this court.

The evidence showed that when appellant married a second time his first wife was living, from whom he had not been divorced. The appellant sought to show in defense that at the time of his second marriage he believed in good faith that a

divorce had been granted him from his first wife, and that he did not intend to violate the law; but the court refused to allow such proof.

The defendant offered in evidence the following certificate: "State of Arkansas, County of Nevada. November 22, 1898. This is to certify that the circuit court of the aforesaid county granted the said Manney Russell a divorce from his wife, Ida Russell, and she has no interest in his property. Witness my hand. W. J. Munn, Circuit Clerk, per A. J. Fulton, Deputy." The court refused to allow this to be read to the jury, to which defendant excepted.

The defendant offered to prove that he had paid one W. H. Booth to procure him a divorce from his first wife, Ida Russell, and that a fraud had been practiced upon him, by which he was induced to believe, and did believe, at the time of his second marriage, that he had been divorced from his first wife; all which the court refused to allow. It also refused to allow proof of defendant's good character, to all which he excepted.

The court refused instructions in keeping with and based upon the theory in his (defendant's) offer of evidence to show that he believed, when he was married the second time, he had been divorced from his first wife; to which the defendant excepted.

The court then read to the jury the statute on bigamy, and gave the following instructions: "All law, independent of evidence, is in favor of innocence, and the guilt of the accused must be fully proved, and in so doing the jury will take into consideration all of the facts in the case; and, arriving at your verdict, you must take into consideration the manner and demeanor of the witness on the stand, as to the willingness or unwillingness in testifying one way or the other; and, after weighing his testimony, you may believe it in whole or in part, or you may disbelieve it in whole or in part, or you may give it just such weight as you think it entitled to. Upon the whole case, if you entertain a reasonable doubt as to the defendant's guilt, you should give him the benefit of the doubt, and acquit him; it being the burden of the state to prove beyond a reasonable doubt the guilt of the prisoner. If you believe that the defendant is guilty of bigamy, it will be your duty to say so:

'We, the jury, find the defendant guilty, and assess his punishment in the state penitentiary for a period of' not less than three years or more than seven. If you have a reasonable doubt as to his guilt, you will find him not guilty. The burden is on the state to prove beyond a reasonable doubt all the material allegations in the indictment." To the ruling and judgment of the court in giving these instructions, the defendant excepted.

*J. E. Cook* and *L. A. Byrne*, for appellant.

Criminal intent is a necessary ingredient of bigamy, and an honest mistake as to the fact of the death of a former wife is a good defense. Bish. Stat. Cr. §§ 596, 596b, 596a, note 5. The decree of care required of the defendant and his motives are questions for the jury. Bish. Stat. Cr. § 132; 46 Ind. 459; 13 Tex. App. 76. The evidence as to defendant's good character was improperly excluded. 28 Ark. 155.

*Jeff Davis*, Attorney General, and *Chas. Jacobson*, for appellee.

Bigamy is a purely statutory crime in this state, and is committed whenever a person marries a second time, having a living and undivorced spouse. The intent is then presumed, and mistake is no defense. Sand. & H. Dig. §§ 1480, 1482; Undh. Cr. Ev. § 398; 32 Ark. 205; 7 Met. 472; 98 U. S. 145, 167; 25 Minn. 29; 57 Barb. 625; 35 Atl. 352; 68 Vt. 414; 40 N. E. 846; 29 Hun, 628; 58 Ia. 165; 1 McClain, Cr. Law, § 128; 6 Cow. 512; 7 Blackf. 572; 63 Mo. 570; 5 McLean, 242; 34 W. Va. 88; 16 R. I. 403; 68 Miss. 347; 163 Mass. 103; 36 Ark. 38; 70 Mo. 635; 40 Ark. 480; 13 Bush (Ky.), 318; 11 L. R. A. 530; 139 Pa. 247; L. R. 2 C. C. 154; 44 Ia. 45; 2 Met. 190.

HUGHES, J., (after stating the facts.) Section 1480, Sandels & Hill's Digest, provides: "Every person having a wife or husband, living who shall marry any other person, whether married or single, except in the cases specified in the next section, shall be adjudged guilty of bigamy."

"Sec. 1481. The last preceding section shall not extend to the following persons or cases:

"*First*.  To any person, by reason of any former marriage, whose wife or husband by such marriage shall have been absent for five successive years, without being known to such person within that time to be living. .

"*Second*.  To any person whose wife or husband has been absent from the United States for the space of five years.

"*Third*.  To any person whose former marriage has been dissolved by a court of competent authority.

"*Fourth*.  To any person whose former marriage has been pronounced void by the decree or sentence of a court of competent authority, on the ground of the nullity of the marriage contract.

"*Fifth*.  To any person by reason of any former marriage contract by such person, within the age of legal consent, and which has been annulled by a decree of a court of competent authority."

Section 1482 provides:.  "If any unmarried person shall knowingly marry the husband or wife of another, in any case in which said husband or wife would be punished according to the foregoing provisions, such person, on conviction, shall be subject to the same punishment as is prescribed in cases of bigamy."

We find that the rulings of the court were correct in refusing to allow proof that the defendant believed he had been divorced from his first wife at the time of his second marriage, as this was no defense.  The cases cited by the attorney general in his brief sustain the ruling of the court upon this question.  These cases are to the effect that "the material facts of the crime of bigamy are the first and second marriages, and the fact that the first consort was alive and undivorced at the date of the void marriage.  From such facts a bigamous intent may be inferred."  Underhill, Evidence, § 398.  That defendant had been told and believed that his first marriage was void, and acted on such belief, is no defense to a prosecution for bigamy. *State* v. *Sherwood*, 35 Atl. 352, 68 Vt. 414.  An honest and reasonable belief in the death of a former wife is no defense to a prosecution for bigamy.  *Com.* v. *Hayden* (Mass.), 40 N. E. 846.  It is the marrying by a person who has a husband or wife living that . constitutes the offense under our

statute, and the offense is complete under the second marriage. *Scoggins* v. *State*, 32 Ark. 205. Advice of counsel that there is no impediment to the second marriage is no defense to a prosecution for bigamy. *People* v. *Weed*, 29 Hun, 628; *State* v. *Hughes*, 58 Iowa, 165. To support an indictment for bigamy, it is sufficient to prove that defendant, being at the time lawfully married to one person, has married another. *Com.* v. *Mash*, 7 Met. (Mass.) 472.

In *State* v. *Armington*, 25 Minn. 29, the facts, briefly stated, were as follows: Armington was indicted in Minnesota for bigamy. He offered in evidence a certified copy of a decree of divorce between him and his first wife. This divorce was obtained in Utah. Counsel for the state objected to its admission, on the ground that at the time both parties were residents of Minnesota. The objection was sustained. Counsel for the defendant then offered to show by the paper and parol testimony of defendant that, at the time of the second marriage, he had this paper in his possession, and believed the decree to be effectual to make him a single man, and believed himself to be such, and that he would not have married again had he not believed such; and he had submitted the paper to a good attorney in this state, and had been advised that the paper was sufficient; and had married, relying on such advice and a copy of the decree, believing that he had a right to. All of this evidence was excluded, and on appeal to the supreme court that tribunal said: "To disprove any criminal intent, the record was also offered in evidence, coupled with an offer to show that the defendant, acting under the advice of counsel, believed in the validity of such alleged divorce, and that he contracted his second marriage in this belief. * * * If the pretended decree upon which he relied was in fact illegal and void, because made by a court having no jurisdiction, it afforded him no protection against the consequences of a second marriage, whatever may have been his motives or his belief in respect to the validity of the decree."

We think the evidence offered by the defendant affecting his intention and good faith in his second marriage was competent, not to show that he was not guilty, but because it might have affected the term of his imprisonment. But as defendant

was given the lightest punishment fixed by the statute, its refusal is not reversible error.

Affirmed.