CHRISTIAN *v.* STATE.

Opinion delivered June 13, 1927.

1. CRIMINAL LAW—HEARSAY EVIDENCE.—In a bigamy prosecution, testimony of the prosecuting attorney that he sent a telegram to defendant's wife in Kansas and received a telegram on the same date signed by her, introduced to show that she was living, was inadmissible, being hearsay.

2. CRIMINAL LAW—IDENTIFICATION OF TELEGRAM.—In a prosecution for bigamy, where the prosecuting attorney testified that he sent a telegram to the alleged wife of defendant, and received an answer by telegram on the same date, purporting to be signed by her, where it was not shown that she signed it, it was not sufficiently identified to be admitted as her telegram.

3. BIGAMY—INSTRUCTION AS TO VENUE.—In a prosecution for bigamy, the court correctly instructed that the indictment charged defendant as having been married to a woman who was still living, and that, in violation of the law, he married another woman in the county of the venue, and that the last marriage must be proved to have taken place within the county of the venue, and to have been within three years before return of the indictment.

4. CRIMINAL LAW—BURDEN OF PROOF.—In a prosecution for bigamy, the court correctly instructed that the burden is on the State to prove the material allegations of the indictment.

5. BIGAMY—BURDEN OF PROOF.—In a prosecution for bigamy, the fact that the first wife is living must not depend on presumption merely, but must be established by proof beyond a reasonable doubt.

6. CRIMINAL LAW—ADMISSION OF HEARSAY TESTIMONY—PREJUDICE.— In a prosecution for bigamy, it was prejudicial error to permit the State to prove, by purely hearsay testimony, that the alleged first wife of defendant was living on the day of the alleged second marriage.

Appeal from Yell Circuit Court, Dardanelle District; *J. T. Bullock,* Judge; reversed.

*Strait & Strait,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J. J. A. Christian was indicted by the grand jury of Yell County for the crime of bigamy. He was tried, convicted, and sentenced by judgment of the court to three years' imprisonment in the State Penitentiary, from which judgment he prosecutes this appeal.

The indictment followed substantially the language of the statute, and was valid. The testimony was sufficient to sustain the verdict. During the progress of the trial the prosecuting attorney, over the objection of the appellant, testified that he sent a telegram to one Essie J. Christian, at 216 South Topeka Avenue, apartment No. 9, telephone 6331, Wichita, Kansas, on February 18, 1927, and received an answer on the same date, signed by Mrs. Christian. The prosecuting attorney was asked if Mrs. Essie J. Christian was still living, and answered, "Yes sir; I introduced those for the purpose of showing that she is living." He repeated that he sent the

telegram to the above address and received a telegram in reply signed "Mrs. Christian."

The introduction of the above testimony was made one of the grounds of the motion for a new trial. The court erred in admitting this testimony. It was pure hearsay. The court permitted the above testimony of the prosecuting attorney to be introduced for the purpose of showing that Mrs. Essie J. Christian, the alleged wife of the defendant, was living at the time of his alleged last marriage to one Verna Duke Higgerson. If the prosecuting attorney had testified that Mrs. Essie J. Christian was living on the 18th day of February, 1927, and stopped there, the testimony would have been relevant, and the prosecuting attorney was a competent witness to testify to that fact, if it was a fact within his knowledge. But the fact that he sent a telegram to Mrs. Essie J. Christian at the address mentioned and received a telegram in reply signed "Mrs. Christian" did not tend to prove that Essie J. Christian, the alleged wife of the appellant, signed the telegram. It will be observed that the prosecuting attorney did not testify that Mrs. Christian, the wife of the defendant, signed the telegram. He did not testify that he sent the telegram to Mrs. Essie J. Christian, the wife of the defendant, nor did he testify that the telegram he received was signed by Mrs. Essie J. Christian, the wife of the defendant. His testimony only shows that he sent a telegram to Mrs. Essie J. Christian at a certain address in Wichita, Kansas, and received in answer a telegram signed by "Mrs. Christian." That is very far from showing that the telegram was sent to Essie J. Christian, the alleged wife of the defendant, and that the telegram in reply to the one sent by the district attorney was signed by Essie J. Christian, the alleged wife of the defendant. In other words, the telegram was not sufficiently identified to be admitted as the telegram of Essie J. Christian, the alleged wife of the defendant.

The court correctly instructed the jury that "the material allegations in the indictment are that the

defendant, Dr. J. A. Christian, having heretofore been married to Essie Christian, who, the State contends, is still living, and while their marriage relations existed, that he, in violation of law, married Mrs. Verna Duke Higgerson, in Yell County, Arkansas. That is, the last marriage must be proven in the Dardanelle District of Yell County, and it must have been within three years before the returning of the indictment." The court further correctly instructed the jury that the burden was on the State to prove these material allegations. *Russell* v. *State*, 66 Ark. 185-188, 49 S. W. 821, 74 Am. St. Rep. 78; 3 Greenleaf on Evidence, § 207; Underhill's Criminal Evidence, § 599; 4 Elliott on Evidence, § 2866.

Our statute defines bigamy as follows: "Every person having a wife or husband living, who shall marry any other person, whether married or single, except in the cases specified in the next section, shall be adjudged guilty of bigamy." Section 2606, C. &. M. Digest.

Mr. Elliott states the law as follows:

"In order to establish the offense under such statutes it must be proved beyond a reasonable doubt that the former husband or wife is living, or was alive at the date of the alleged second marriage. Such proof is essential to a conviction; but it is not necessary that the evidence on this subject be direct and positive; the fact may be shown by circumstantial evidence." 4 Elliott, § 2866. But, where the State depends on circumstantial evidence, the circumstances must be such as to establish the fact that the first spouse is living at the time of the second marriage beyond a reasonable doubt. The fact that the first wife is living must not depend upon presumption merely but must be established by proof. For, as was further said by Mr. Elliott, "the presumption of innocence, supplemented by the presumption of the validity of the second marriage, must prevail over the presumption that the first husband or wife is still living." 4 Elliott, § 2867. See *Hallbrook* v. *State*, 34 Ark. 511; 36 Am. Rep. 17; *Russell* v. *State, supra.*

In R. C. L. it is said:

"Proof that the first wife was living at the time of the second marriage is essential to conviction; but direct and positive evidence of this is not indispensable; and the fact may be shown by circumstantial evidence. * * * There are many circumstances where proof that the first wife was alive only a short time before the second marriage may be insufficient for conviction, and the whole question depends on the circumstances of each case, bearing in mind, of course, that the burden is on the prosecution to show that the first wife is still alive at the date of the second marriage." 3 R. C. L., § 24, page 810.

In *Squire* v. *State,* 46 Ind. 459, it is held, quoting syllabus:

"In a prosecution for bigamy the State must prove beyond a reasonable doubt that the first wife was living at the time of the second marriage. Where there is no direct evidence on this point, and the only evidence is that the first wife was alive two years previous to the second marriage, the presumption of the continuance of her life is neutralized by the presumption of the innocence of the defendant, and in such case there can be no conviction."

If the prosecuting attorney had testified as a fact that he knew Mrs. Essie J. Christian, the wife of the appellant, was living on February 18, 1927, or if he had introduced any witness to testify to that fact, that would have been sufficient evidence of the fact that she was living at the time of the appellant's alleged second marriage on January 3, 1927, or if the prosecuting attorney, or any other witness, had testified as a fact that Mrs. Essie J. Christian, the wife of the appellant, sent the telegram which was received by the prosecuting attorney on February 18, 1927, that would have been competent and relevant testimony tending to prove that Mrs. Essie J. Christian, the wife of the appellant, was alive on January 3, 1927, the date of appellant's alleged second marriage. The testimony of the prosecuting attorney only showed that he sent a telegram to a person named Mrs. Essie J. Christian at a certain address in Wichita, Kan-

sas, and that he received an answer thereto from "Mrs. Christian" on February 18, 1927, that is, a message that was signed by "Mrs. Christian." But the testimony of the prosecuting attorney to which the appellant objected falls short of proving that Mrs. Essie J. Christian, the wife of the appellant, sent the telegram of February 18, 1927, and of tending to prove that Mrs. Essie J. Christian, the alleged wife of the appellant, was living on the day of the alleged second marriage.

The court erred in permitting the State to prove this material fact in the case by purely hearsay testimony, and it follows that the ruling of the court in admitting such testimony was highly prejudicial to the appellant.

There are many assignments of error in the motion for a new trial, all of which we have carefully examined and find that none of them are well taken except the above, and it could serve no useful purpose to set them out and comment upon them. For the error indicated the judgment is reversed, and the cause will be remanded for a new trial.