## White v. State.

(Division B.    Nov. 7, 1938.)

[184 So. 303.    No. 33380.]

Chalmers Potter, of Jackson, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a conviction of the crime of bigamy. The appellant requested a peremptory instruction in the court below on two grounds: (1) That the evidence on behalf of the State was insufficient to establish beyond a reasonable doubt the existence of a valid former marriage, either ceremonial or at common law. (2) That the State failed to prove that the former spouse was alive at the time when the alleged bigamous marriage was celebrated. As will hereinafter appear, it is only necessary that we notice the second ground assigned.

It was shown that the appellant and Mrs. Evelyn White, together with their little girl, moved from Lynchburg, Virginia, during the year 1931, to Jackson, Mississippi, where their second child was later born, and where they continued to live together as husband and wife until on or about the 2nd day of June, 1936, when she and the two children are said to have returned to Lynchburg, Virginia. At the time of their separation, a written agreement was executed in which provision was made for the support and separate maintenance of the wife and children. This agreement, signed by both of the parties, was introduced in evidence by the State, and it was therefore shown that the said Mrs. Evelyn White was alive on the said second day of June, 1936. The only proof offered to show that she was still alive on July 21, 1936, when the appellant was married to Sadie L. Nordin, was that one of her friends in Jackson

received a letter and later a postal card from Lynchburg, Virginia, supposedly written by her and signed "Evelyn." The person who received these communications was wholly unfamiliar with the handwriting or the signature, and the only proof as to the author was the fact that the letter contained references to certain matters indicating who may have written the same. We do not think that the fact of these communications having been received is sufficient under the circumstances to prove that the said Mrs. Evelyn Ogden White was still alive. The court held in the case of Bryant v. State, 179 Miss. 739, 176 So. 590, that it was necessary for the State to both allege and prove that the spouse of the first marriage was living when the second marriage was celebrated in order to establish the crime of bigamy. This rule is almost universal.

Aside from the circumstance of the receipt of the letter and postal card referred to, the conviction of the appellant must rest alone upon the presumption of the continuance of life which arises from the fact that the former wife was alive shortly prior to the second marriage. As opposed to this presumption, there stands the presumption of the innocence of the accused. The death of the former spouse, if she had died prior to the time of the second marriage, unlike the fact that a divorce may have been obtained by a defendant before the celebration of his subsequent marriage, is not an affirmative defense. Proof that she still lives is an essential element of the crime charged. It is a vital part of the corpus delicti. To presume in a criminal prosecution for bigamy that a former spouse is still living at the time of a defendant's second marriage is to presume the existence of a material fact necessary to be proven as a part of the State's case in chief. While there is some conflict, as well as confusion, among the decisions of the courts and the views of the text writers in regard to the extent to which the presumption of a continuance of life may be availed of by the State to establish the charge that at the time of a

defendant's second marriage he was then legally married to another who was still living, we are of the opinion that the better view is that the presumption of innocence at least neutralizes, if it does not overcome, such a presumption of life; and that in the absence of other competent evidence of probative value to aid the presumption that the former spouse is still living there is no case for submission to the jury. The fact that the former spouse is living must not depend upon presumption merely, but must be established by proof; for the presumption of innocence supplemented by the presumption of the validity of the second marriage must prevail over the presumption that the former spouse is still living. While recognizing the presumption of continuance of life, we hold that when this presumption is met and neutralized by the presumption of innocence in a criminal case, the issue of fact is then left open to proof, and in the absence of other evidence, aside from the presumption of the continuance of life, the defendant is entitled to a directed verdict. Christian v. State, 174 Ark. 357, 295 S. W. 368; People v. Feilen, 58 Cal. 218, 41 Am. Rep. 258; Squire v. State, 46 Ind. 459; Dixon v. People, 18 Mich. 84; Dunlap v. State, 126 Tenn. 415, 150 S. W. 86, 41 L. R. A. (N. S.) 1061, Ann. Cas. 1913E, 264.

It was held in the case of Bennett v. State, 100 Miss. 684, 56 So. 777, that the State was not required to prove that a divorce had not been obtained by the defendant from his former wife who was still living at the time of the second marriage, for the reason that this fact was an affirmative defense coming within the exceptions enumerated under Sections 1052 of the Mississippi Code of 1906, which is the same as Section 796 of the Code of 1930. In other words, it was held that the State was not required to prove a negative. However, the opinion in the Bennett case recognizes the principle that when the proof omitted pertains to an essential element of the corpus delicti a different rule is applicable. Com-

monwealth v. McKic, 1 Gray, Mass., 61, 61 Am. Dec. 410; Ake v. State, 6 Tex. App. 398, 32 Am. Rep. 586.

The State having thus failed to prove such a vital and constituent element of the corpus delicti, it necessarily follows that the appellant was entitled to the peremptory instruction asked for.

Reversed and judgment here for appellant.