Ouzts *et al. v.* Carroll *et al.*

(In Banc. Dec. 9, 1940. Motion to correct judgment sustained. Feb. 10, 1941.)

[199 So. 76. No. 34267.]

218

**Gore & Strong**, of Marks, for appellants.

**P. L. Denton,** of Marks, for appellees.

220.

McGehee, J., delivered the opinion of the court.

This is a suit brought in replevin by Ernest Carroll during the month of December, 1938, in the County Court, to obtain the actual possession of the household goods and other personal property, consisting of corn, groceries, chickens, ducks, dogs, etc., and all of which was alleged in the affidavit to be wrongfully detained by the wife of the plaintiff and by Bill Yandell, the manager of the plantation on which Carroll and his wife had resided during that year, and where she still remained. From a judgment in favor of the defendants "for 1.00 in actual damages and an attorney's fee of $75.00," rendered by the County Court and affirmed by the Circuit Court, the sureties on the plaintiff's replevin bond alone prosecute this appeal.

After having settled his account for the year 1938, it appears from the proof that Ernest Carroll applied to the plantation manager for money with which to meet a payment on his sewing machine, and which request was refused. Carroll had already agreed to make a crop on this plantation again for the year 1939 but became dissatisfied at the plantation manager's refusal to assist him in the manner stated, and he thereupon found a new location on a plantation of one L. A. Ouzts, who sent his truck to move the household goods and other personal property in controversy. Mr. Ouzts had ascertained in advance that Ernest Carroll had obtained some additional advances subsequent to the settlement of the 1938 account, the amount of which advances was tendered by him when the truck went to move the property. It appears that Mattie Carroll, the wife of Ernest, decided not to follow him to the new location upon being advised by an employee on the plantation where she had remained pending the proposed removal, and that the defendant, Bill Yandell, being unwilling to lose these tenants, returned to Mr. Ouzts the tender of payment for the advances, along with the empty truck. Thereupon, Ernest

Carroll, still desiring to move to the new location where he had agreed to make a crop with Mr. Ouzts for the year 1939, sought advice as to how he might obtain possession and custody of the household goods and other property, and also the removal of Mattie and her children by her former marriage to the new location. He was then directed by Mr. L. A. Ouzts to an attorney at Clarksdale for legal advice. Carroll related the facts to the attorney and claimed the right to the immediate possession of the property as his own, and then signed the affidavit in replevin, which recited that the property had been wrongfully taken from his actual possession within the preceding thirty days, the affidavit being signed by his mark, since he was unable to read or write. Accordingly, he gave bond for the property with O. L. Ouzts and Harry Lipson as sureties. This was on Christmas Eve, and the writ of replevin was executed by the officer taking into his possession all the property in controversy and moving it to the plantation of Mr. L. A. Ouzts. The plaintiff intended and hoped that Mattie and the children would come on the truck to the new location. Being unwilling to move, they were left in the empty house that night until the defendant Yandell supplied them with additional household goods, groceries, etc., sufficient to enable them to remain there.

At the January term of the County Court, the plaintiff was induced to appear in open court and consent to a judgment in favor of the defendants, which recited that the household goods and other personal property were in truth and in fact the property of Mattie Carroll. Upon the entry of this judgment, a writ of inquiry was awarded to assess the damages for the alleged wrongful taking of the property. Before this issue was disposed of, Mr. L. A. Ouzts returned the property to the former domicile of Ernest Carroll and wife, where they remained and made a crop again during the year 1939. Ernest Carroll was introduced as an alleged adverse witness and testified to establish the claim of the defendants for damages

against his sureties, and the proof showed that with the exception of a small portion of the property accumulated by the joint efforts of the husband and wife, it belonged to the defendant Mattie Carroll, and hence the rendition of the judgment herein appealed from.

The appellees contend that the plaintiff was not entitled to the possession of the property, involved for two reasons, (1) that it belonged to the defendant, Mattie Carroll, and (2) that he was not entitled to the possession thereof for the purpose of removal to the new location, since he was not legally married to Mattie Carroll. The proof disclosed, however, without conflict, that a ceremonial marriage had been celebrated between the plaintiff and Mattie Carroll about three years prior to that time. She then had a living husband from whom she had not obtained a divorce and whose whereabouts had been unknown for only two or three years. Under such circumstances the law will presume in favor of the validity of the second marriage that the former husband has either obtained a divorce or is dead, notwithstanding that his absence had been for a period of less than seven years. Alabama & V. R. Co. v. Beardsley, 79 Miss. 417, 30 So. 660, 89 Am. St. Rep. 660; Sullivan v. Grand Lodge K. P., et al., 97 Miss. 218, 52 So. 360; Howard v. Kelly, 111 Miss. 285, 71 So. 391; Ann. Cas. 1918E, 1230.

The husband has the right to choose and establish the matrimonial domicile, and it is the duty of the wife to acquiesce in his selection and follow him to the domicile of his choice unless the choice has been unreasonably and arbitrarily exercised, or where the comfort, health, and general well being of the wife would be jeopardized by such change of domicile.

Proof of the ownership by the plaintiff of the title to the property involved is not always essential to entitle him to the possession thereof for the purpose of having it moved to the new domicile selected by him.

The only question involved in this appeal is whether the defendants were entitled to recover the attorney's fee

as against the sureties on the replevin bond. In the recent case of Cooper v. United States Fidelity & Guaranty Company et al., 186 Miss. 116, 188 So. 6, it was held that in the absence of statute, attorneys' fees are not recoverable unless the facts show such gross or wilful wrong as to justify the infliction of punitive damages; and that sureties are not liable for or in respect to exemplary or punitive damages. It is argued, however, that the averment in the affidavit in replevin to the effect that the property had been wrongfully taken from the possession of the plaintiff within the preceding thirty days authorized an inference of malice or a purpose to oppress the defendant, and the case of Mars v. Hendon, 178 Miss. 157, 171 So. 880, 173 So. 286, is cited as authority for that view. That case held that such was true where the plaintiff, "knowing that he was not entitled to give bond, made false affidavit to secure privilege depriving defendant of right to give bond," and retain the property; whereas, in the case at bar the plaintiff had been in the possession and enjoyment of the property within the preceding thirty days as the head of the family, and he was being deprived of its use and enjoyment by the attitude of the defendants, unless he had been willing to return to the former domicile and remain on the plantation from which he had the legal right to move. At least, his right to make such affidavit is not so free from doubt to characterize his action as wilful, oppressive or malicious when acting upon the advice of an attorney. Kalmia Realty & Ins. Co. et al., v. Hopkins, 163 Miss. 556, 141 So. 903.

From the foregoing views, it follows that the judgment against the sureties for the $75 attorney's fee should be reversed, and that the judgment rendered against them for $1 as actual damages and the costs in the courts below should be affirmed.

Reversed and judgment here accordingly.