## Commonwealth v. Ormando

*Louis Shaffer*, assistant district attorney, and *Earl Langan*, for Commonwealth.

*E. S. Agolino*, for defendant.

VALENTINE, P. J., March 28, 1946.—Defendant, indicted for bigamy, waived his right to trial by jury and submitted the question of his guilt or innocence to the decision of the court.

The facts are practically uncontroverted. Defendant was lawfully married to Ross K. Ormando on April 19, 1934, at Pittsburgh, Pa., by a catholic priest. For some time thereafter the parties resided in Pittston, this county. As a result of this marriage two children were born: Margaret Mary Ormando and Roslie Ormando.

Defendant was inducted into the military service of the United States from Wilkes-Barre, Pa., on December 26, 1942, and was immediately sent to the State of Florida. On May 27, 1943, defendant instituted divorce proceedings in the circuit court of the 10th judicial district of Florida in and for Highlands County. Defendant's bill of complaint (or libel) asserts that he was a resident of Florida and had been such for more than 90 days prior to the filing of the same. The proceedings in Florida were conducted ex parte. Defendant's wife did not appear, nor was she represented. Defendant testified:

"At present I am a corporal in the Army of the United States. . . . I live at the General Bombing Range at Avon Park, Fla. . . . I came here December 29, 1942."

Under date of May 26, 1943, the day before the filing of his complaint, defendant wrote his wife in Pittston, Pa., inter alia, as follows:

"I am now getting a divorce, and I have applied for it already, . . . now is one time I don't want you to bother this case because I'll make it more miserable than you ever had it . . . this is one time I don't want any trouble, because I'll stop what you are getting, and if you don't believe it just try it and I'll prove to you how easy it is. I don't want you to contest this case, . . . if you give me trouble in this case I'll give you more trouble than you ever had, and I'll do everything possible to see that it comes out just the way I want it. I think you have had enough trouble without any more so I'm just hoping that you will wise up and let this case alone . . ."

Defendant procured a final decree in divorce on August 6, 1943. On July 26, 1945, while on furlough, defendant returned to this county and was married to his present wife at Wyoming, this county, by W. Howell Evans, justice of the peace. In his application for a marriage license defendant designated his residence as "Wilkes-Barre, Pa.".

An indictment, charging defendant with the crime of bigamy, was found October 23, 1945.

Following defendant's second marriage, the allotment to his first wife and children remained unchanged.

Defendant was discharged from the service on December 3, 1945, and returned to this county. Defendant is now employed as an automobile mechanic in the City of Wilkes-Barre where he and his second wife are residing.

The burden is upon defendant to prove that his prior marriage was terminated by a valid decree: Trickett

on Criminal Law, 532. Notwithstanding defendant's testimony that he intended Florida to be his permanent future residence, it is clear that Florida was, in fact, not his domicile. He was there because he had been stationed there by the military authorities. Florida was no more his domicile than Great Britain would have been had he been sent to England. He did not go to Florida voluntarily for the purpose of procuring employment and making that State his home, if he was favorably impressed with it. He was there for a temporary purpose, subject to the orders of his commanding officers. The home which he established in Florida, with his second wife, was a temporary one. There is no contention that he was assessed for taxes in Florida, or that he exercised the right of voting in that State, or now has any property therein. When he applied for a license to marry his second wife, he designated his residence, not as Florida, but as "Wilkes-Barre, Pa.".

The recent decision of Williams et al. v. North Carolina, 325 U. S. 226, 65 S. Ct. 1092, and Commonwealth ex rel Esenwein v. Esenwein, 348 Pa. 455, clearly support the doctrine that the full faith and credit clause of the Florida Constitution does not require the courts of this State to accept the decree of the Florida court as valid, if defendant was not domiciled in that State at the time of the decree, as the same was procured without service upon his wife in that State and without her appearance.

Defendant's counsel urges, however, that defendant acted in good faith, and that he should not be found guilty of bigamy, even though the decree might be adjudged invalid in a civil proceeding. Section 503 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4503, contains no provision relative to criminal intent.

The burden of proving the affirmative defense that his prior marriage had been terminated rests upon defendant. If he claims a dissolution by divorce, he

must show the validity of the decree: 7 Am. Jur., sec. 34, p. 768.

According to the weight of authority in this country, the fact that one charged with bigamy believed, in good faith, that he had been lawfully divorced from his first wife constitutes no defense: Ibid, sec. 26, p. 764; People v. Spoor, 235 Ill. 230, 85 N. E. 207; Eldridge v. State, 120 Ala. 63, 28 So. 580; Russell v. State, 66 Ark. 185, 49 S. W. 821; State of Utah v. Hendrickson, 67 Utah 15, 245 Pac. 375, 57 A. L. R. 786; State v. Zichfeld, 23 Nev. 304, 46 Pac. 802; Rex v. Brinkley, 14 Ont. L. Rep. 434, 10 American and English Annotated Cases 407.

In People v. Spoor, supra, it was said that in order to make a divorce a defense to prosecution for the second marriage, it must be shown to have been legally granted.

Therefore, now, March 28, 1946, we find defendant guilty of bigamy as charged in the indictment.