GRACE *v.* STATE.

Division B.    Dec. 10, 1951.

No. 38167  (55 So. (2d) 495)

Grover C. Doggette, for appellant.

786

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.**

This is an appeal from a conviction of bigamy. Appellant and Eddie Mae Blanks were married August 12, 1935. Appellant contracted another marriage with Cloteal Jones, December 25, 1948.

Error is assigned for the failure of the State to prove the former wife to be alive at the time of the second pretended marriage. The record amply shows that she was living at the time of the trial.

Further error is based upon an alleged variance between the allegation and proof as to the date of the second marriage. It is true that the memory of the officiating minister fixed the date as December 25, 1949. However, the marriage record shows the ceremony was performed in 1948.

The following instruction is complained of: "The Court instructs the jury for the State that it is not incumbent upon the State to show that the defendant Joe Grace, Alias, Lieutenant Grace was divorced from Eddie Mae Blanks in order for you to find him guilty of bigamy provided you believe beyond a reasonable doubt that he is guilty as charged in the indictment."

The instruction correctly states the law. In a charge of bigamy, there is no presumption of a dissolution of a former marriage. It is true that a substantive element of the charge and of the testimony is the fact that the first wife was alive at the time of the second marriage. White v. State, 183 Miss. 351, 184 So.

303. However, the fact of a subsequent divorce is a matter of affirmative defense. The State need not initially negative such defense by either allegation or proof. Bennett v. State, 100 Miss. 684, 56 So. 777; 10 C. J. S., Bigamy, Sec. 16(b); 7 Am. Jur., Bigamy, Secs. 33, 34. In this respect the rule does not follow that applied in civil cases. Compare Ladner v. Pigford, 138 Miss. 461, 103 So. 218; Ouzts v. Carroll, 190 Miss. 217, 199 So. 76.

■■ In the instant case there is no contradiction of the fact of the two marriages and the continued survival of the former spouse. This is all the statute requires in its definition of the substantive crime. The former wife was not called to testify that there had been a divorce.

■■ By special bills of exception the argument of the prosecutor is made part of the record on appeal. The language used was as follows: "In a case like this where the defendant has put on no proof or evidence, why should Mr. Doggette make such an argument?" While there is a difference between suggesting that a defendant has not testified and in calling attention to his failure to put others upon the stand, the very fact of ambiguity here should draw condemnation upon the argument. The error is mitigated somewhat by the context of the argument wherein the matter of the burden of proof was being discussed, and the apparent availability of the former wife or court records to show a divorce was significant.

■■ Further complaint is made as to the following argument by the prosecutor which allegedly was provoked by counsel for the accused who had chided the prosecution for a belated and unprecedented attention to similar offenses by those of the colored race: "We aren't late. We started last October when we convicted old Cloteal Jones and sent her to the penitentiary." In view of the fact that this was the person who was particeps criminis with appellant, the argument is indefensible. Compare Gulf Mobile & Northern R. Company v. Weldy, 195 Miss. 345, 353, 14 So. (2d) 340.

■■ ■ Both such arguments are disapproved. We must consider, however, whether prejudice necessarily resulted. There was no proof offered on behalf of the accused. Guilt was shown both by solemn public records and direct testimony of unimpeached witnesses. The jury under its oath could not justifiably have brought in any verdict other than guilty, and where guilt is evident, errors other than such as work a denial of constitutional rights, are not reversible. Rule 11, Supreme Court Rules.

Affirmed.

Hall, J., took no part in the decision of this case.