JACKSON *v.* STATE.

4853                                                   293 S. W. 2d 699

Opinion delivered October 1, 1956.

*Jameson & Jameson,* for appellant.

*Tom Gentry,* Attorney General, *Paul C. Rawlings,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Associate Justice. The defendant has appealed from a judgment of conviction for the crime of grand larceny as a second offender under Ark. Stats. § 43-2328. The jury fixed the punishment at 2 years in the penitentiary. The first and principal question raised is whether the trial court erred in admitting evidence of the contents of a certain telegram offered by the state.

R. L. Reese is the owner of Reese Tie Company which purchased a Home-Lite chain saw for $274.18 from B. F. Thomas & Son in Fayetteville, Arkansas, on January 20, 1956. This saw was taken from the tool house of the company in Fayetteville on the night of February 9, 1956. A Home-Lite chain saw found in the possession of defendant on February 20, 1956, had a motor number P12465 but the serial number had been removed. Mr. Reese testified he had an invoice showing the serial number of the stolen saw and sent a telegram to the Home-Lite company giving them the serial number on the invoice; that the Home-Lite company sent him a telegram in reply stating that the motor number of the saw corresponding to the serial number sent in was P12465; and that he could identify the saw as belonging

to his company only by means of the information contained in the telegram. Defendant objected and excepted to the action of the trial court in permitting the witness to testify to the contents of the telegram and in admitting the saw in evidence. There was no testimony other than the contents of the telegram sufficient to identify the saw found in defendant's possession as the property of the Reese Tie Company.

The court erred in admitting the contents of the telegram. Written communications such as telegrams which are relevant to the issues are ordinarily admissible in evidence, provided their admission does not violate any of the exclusionary rules of evidence, such as the hearsay evidence rule. 20 Am. Jur., Evidence § 954; Wharton's Criminal Evidence (12th Ed.) § 570. But the rule excluding hearsay testimony extends to written as well as oral statements, and evidence otherwise incompetent as hearsay is not admissible because it is written or printed. 22 C. J. S., Criminal Law, § 719. Testimony of the kind involved here was called ''pure hearsay'' and its admission held to constitute prejudicial error in *Christian* v. *State,* 174 Ark. 357, 295 S. W. 368. In that case a bigamy conviction was reversed where the prosecuting attorney, in order to show that defendant's wife was living, was permitted to testify that he sent a telegram to her in Kansas and received a telegram in reply purportedly signed by her.

Defendant also contends the trial court erred in overruling his motion to quash the information made at the beginning of the trial. The information properly charged defendant with the theft of the saw in question and further alleged that it constituted a second offense in that defendant had been previously convicted of grand larceny in the Circuit Court of Madison County, Arkansas. It is argued that the information was fatally defective because it failed to charge that defendant had been previously discharged from the penitentiary, either upon compliance with the sentence or upon pardon or parole, as provided in Ark. Stats., § 43-2328, *supra*. In view of the liberal rules relating to form and contents of indictments and informations set forth in Ark. Stats.

§ 43-1006 and other sections of Initiated Act No. 3 of 1936, we hold the allegations of the information sufficient in the absence of a motion for bill of particulars. This was the effect of our holding in *Robbins* v. *State,* 219 Ark. 376, 242 S. W. 2d 640 where we said:

"If the information in the case at bar had charged the prior convictions of appellant only in general terms, then it might have been sufficient under our liberal rules of procedure, at least in the absence of a motion for bill of particulars. But the information here embraces no charge of a prior conviction nor any other allegation calculated to put appellant on notice that he was charged with a felony."

The information in the case at bar does charge the prior conviction and the omission complained of should have been reached by motion for bill of particulars under our statutes.

Moreover, the defendant freely admitted the former conviction on direct examination and that he had been released from the penitentiary on parole after serving part of the sentence. It is held generally that on a charge of a second or subsequent offense, where the accused confesses the fact of the prior conviction, it is unnecessary for the state to prove such fact. See cases cited in 58 A. L. R. 80.

Defendant also contends that error was committed in the giving of Instruction No. 11 relating to proof of similar offenses, because the jury's consideration of such matters was not restricted to offenses closely connected in point of time to the act charged. The motion for new trial contains no assignment of error directed to Instruction No. 11 and the question in all probabilty will not arise on retrial.

We find no prejudicial error involved in the other assignments of error. On account of the error in admitting the testimony of R. L. Reese concerning the contents of the telegram from the Home-Lite company, the judgment is reversed and the cause remanded for a new trial.